## Supreme Court —First Department —Chambers.

*New York—January*, 1883.

## MATTER OF McMAHON.

DISORDERLY CONDUCT.—POLICE MAGISTRATES.—JURISDICTION.
—POWER OF COMMITMENT IN DEFAULT OF BAIL.

Police magistrates have the same power to commit persons convicted of disorderly conduct in default of bail as they possessed before the passage of the Code of Criminal Procedure.

Section 99 of the Code of Criminal Procedure,—which provides that "security to keep the peace or be of good behavior, cannot be required except as prescribed in this chapter,"—refers only to the crimes specified in that chapter.

That the legislature intended to preserve the jurisdiction of police justices as it existed before the Code of Criminal Procedure, is apparent from the language of § 75,—providing that police justices shall " have such jurisdiction, and such only, as is conferred upon them by statute,"— and from the fact that the jurisdiction of all other courts is elsewhere specifically defined.

Though no mention of the offense of disorderly conduct is made either in the Penal Code or the Code of Criminal Procedure, yet, under sub. 4, § 724, Penal Code, and § 962, Code of Criminal Procedure, it is clearly the intent to retain in force the former statutes relating to such offences.

WRIT of habeas corpus.

The facts appear in the opinion.

*W. F. Howe*, and *J. D. McClelland*, for the petitioner.

*J. Vincent*, assistant district attorney, *J. T. Kilbreth*, and *Lucien Oudin*, in opposition.

LAWRENCE, J.—The prisoner was brought before me, on a writ of habeas corpus, and her discharge asked for on the ground that it appears from the commitment, that having been convicted of disorderly conduct she was ordered to find surety, in the sum of three hundred dollars, for her good behavior for the term of one month, and that having failed to find such surety, she was committed to the city prison, for the term of one month.

It is urged that, under the provisions of the Code of Criminal Procedure, the police justices are deprived of the power which it is conceded they possessed under the former statutes, to order persons convicted of disorderly conduct to find surety for their good behavior for a period not exceeding twelve months, and to stand committed for a period not exceeding twelve months, in default of giving such surety.

The question involved is a serious one, as a large number of the summary convictions in this city are in cases of disorderly conduct. Upon examining the Code of Criminal Procedure and the Penal Code, I have been unable to find any allusion in either Code to the offense of disorderly conduct. Counsel conceded on the argument that they had been similarly unsuccessful. Prior to the passage of the Codes there were three classes of persons who might under the law be summarily convicted before a magistrate without a jury—to wit, first, vagrants; second, disorderly persons; third, persons guilty of disorderly conduct. The distinction between these different offenses and the difference in the mode of procedure for their punishment under the Revised Statutes and the act of 1833 (*Laws of* 1833, p. 9. ch. 11), the act of 1859 (ch. 491, p. 1129), and the act of 1860 (ch. 508, p. 1013), and other acts upon the

same subject, was most clearly pointed out and explained by Chief Justice DALY, in his elaborate and exhaustive opinion in the case of the Twelve Commitments (19 *Abb. Pr.* 394, 396, 397, 400), and it would be unnecessary, if it were possible, to add anything to what the learned justice there says in regard to those offenses.

I have said that there is no direct mention of the offense of disorderly conduct either in the Penal Code or in the Code of Criminal Procedure. But persons who come under the head of vagrants and disorderly persons are distinctly referred to in each of the Codes. Section 887 of the Code of Criminal Procedure, which consists of eight subdivisions, declares who shall be considered as vagrants. This section is contained in title 6 of part 6 of that Code, and the remaining sections of that title provide for the apprehension, conviction and punishment of vagrants.

By section 291 of the Penal Code, certain acts or conduct on the part of children render them liable to be arrested and dealt with as vagrants, and by section 724 it is provided that this Code shall not affect any of the provisions of law relating to apprentices, bastards, disorderly persons, Indians and vagrants, except so far as any provisions therein are inconsistent with this Code. So, too, those who are disorderly persons are defined by section 899 of the Code of Criminal Procedure. This section contains more different subdivisions, but none of them refer to disorderly conduct. This section is in title 7 of part 6, and the remaining sections of the title prescribe the manner of apprehending and punishing such offenders. And as we have already seen, by section 724 of the Penal Code, the provisions of law in relation to disorderly persons, except where inconsistent with that Code, are not affected thereby. The particular ground upon which the prisoner's discharge is asked for is that by section 99 of the Code of Criminal Procedure it is provided that " security to keep the peace or be of good behavior cannot be required, except as prescribed in this chapter." Standing alone this language is most comprehensive, and if it is to be taken literally, or if there are no other provisions in either of the Codes which must be considered in its interpretation, it would necessarily follow that, even the offense of dis-

orderly conduct still exists, the police justice, on a conviction for such offense, would have no authority to order the prisoner to give security for good behavior. In the case of Davis, which was before me a few weeks ago, the point was raised, but not fully argued, and, after such examination as I was then enabled to give it, I formed the impression that the objection should be sustained. As I have since learned that the question is of a very serious character, I have desired a test case to be brought, in order that I might, with the assistance of counsel, re-examine and review the matter, so that if anything had escaped me, or the counsel, on the former argument, and the result then arrived at was for that reason erroneous, the error might be corrected.

It is argued in favor of the validity of the commitment, that section 99 is not to be interpreted literally, nor without reference to other provisions in the Code of Criminal Procedure and the Penal Code, and it is said that that section should be construed as referring only to the crimes which are the subject of the part which contains the title in which that section is to be found.

The Code of Criminal Procedure is divided into six parts. The first relates to the courts having original jurisdiction in criminal actions, the second relates to the prevention of crime, the third relates to the judicial proceedings for the removal of public officers by impeachment or otherwise, the fourth relates to the proceedings in criminal actions prosecuted by indictment, the fifth relates to proceedings in the Special Sessions and Police Courts, and the sixth to special proceedings of a criminal nature. Section 99 is in that part of the Code which relates to the prevention of crime, and it is argued that when the statute says that security to keep the peace, or to be of good behavior, cannot be required except as prescribed in this chapter, it means security to keep the peace and to be of good behavior as to the crimes specified in that chapter.

The point is not free from doubt, but after much deliberation I have satisfied myself that it must be sustained for several reasons.

In the first place there is at least one section of the Code of Criminal Procedure which expressly authorizes a magistrate to require an offender to give security to be of good behavior.

By section 901, if a magistrate convicts one of being a disorderly person he may require that the person charged give security by a written undertaking, with one or more sureties; that—

First. If he be a person described in the first or second subdivisions of section 899 he will support his wife and children and will indemnify the county, city, village or town, against their becoming within one year chargeable upon the public.

Second. In all other cases, that he will be of good behavior for the space of one year. This section is contained in the title of the Code of Criminal Procedure which relates to disorderly persons; the first and second subdivisions relate to persons who have abandoned their wives or children, or who threaten to run away and leave them, and the remaining seven subdivisions to the numerous other persons who are declared to be disorderly. Again, by section 64 of the Code of Criminal Procedure, which is contained in part 1, relating to courts having original jurisdiction in criminal actions, it is provided that the Court of Special Sessions in the city and county of New York, has jurisdiction . . . . (sub. 6): "To require the principal in a recognizance to appear at the court and enter into a further recognizance to keep the peace or to be of good behavior, or both, toward the people of the State for a period not exceeding one year, and on default thereof to commit him to prison till he be discharged therefrom according to law." The statute is silent as to the officers by whom, or the offenses for which, the recognizances therein referred to may have been taken; but it is claimed by the police justices, and I think correctly, that this section recognizes the fact that under chap. 508 of the Laws of 1860, they had the power to take recognizances for good behavior and to keep the peace, which recognizances were required to be forthwith filed in the office of the clerk of the Court of Special Sessions (*Laws of* 1860, p. 1007).

Furthermore, by section 74 of the Code of Criminal Procedure, " Police justices have such jurisdiction, and such only, as is specially conferred upon them by statute. The courts held by police justices are called police courts, and Courts of Special Sessions are also called police courts and are so designated in different parts of the Code." This provision is contained in chap. 4 of title 6 of part 1 of the Code of Criminal

Procedure. Upon turning to the other titles and chapters of this part, it will be found that the jurisdiction of all the other courts is specifically defined. But the police justices are to have such jurisdiction, and such only, as is—not as may be—specially conferred upon them by statute. I have not been able to find any other declaration in either of the Codes as to the jurisdiction of the police justices, and it would seem therefore to be a reasonable conclusion that the Legislature intended by the above section to preserve the jurisdiction of those magistrates as it existed before the adoption of the Codes. There is another circumstance which should not be lost sight of in determining the question which is now under consideration. It was the intention of the codifiers that both of the Codes should go into effect at the same time. The Legislature determined otherwise; but in each statute a provision was inserted that, when construed in connection with other statutes, each should be deemed to have been passed on the 4th day of January, 1881. *Code Crim. Proc.* § 963; *Penal Code,* § 727.

I have already pointed out that in neither of the Codes is disorderly conduct mentioned. It is well known that in this city cases of disorderly conduct constitute a large portion of the matters which come before the police magistrates. Could it have been the intention of the Legislature to have allowed that class of offenders to go free, or in other words, to say, that persons who would formerly have been adjudged guilty of disorderly conduct, in the future should be considered guiltless? Such a result is not to be reached in construing the Codes, unless it is unavoidable, and if we take the Codes together it is not unavoidable.

Section 724 of the Penal Code, as I have before observed, preserves the statutes in regard to vagrants and disorderly persons, except so far as their provisions may be inconsistent with the Code. Now by the next section (725), it is provided that "Nothing in this Code affects any of the provisions of the following statutes, but such statutes are recognized as continuing in force notwithstanding the provisions of the Code, except so far as they have been repealed or affected by subsequent laws."

Fourth. "All acts defining or providing for the punish-

ment of offenses, and not defined and made punishable by this code."

Section 726 repeals all acts, and parts of acts, which are inconsistent with the provisions of this act, &c.

And by section 962 of the Code of Criminal Procedure, it is provided that "this Code applies to criminal actions, and all other proceedings in criminal cases, which are herein provided for," &c.

Inasmuch as in neither of the Codes are cases of disorderly conduct provided for, the conclusion is irresistible that the acts defining that offense are not inconsistent with either Code, and that they are therefore retained.

Finally, I cannot presume that the Legislature intended to abolish disorderly conduct from the statute book as an offense, and while the omission to refer in either Code to that offence is peculiar, it seems to me that the sections of the two Codes to which I referred, save the prior statutes relating thereto.

The writ is therefore dismissed, and the prisoner remanded.