THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM GUNN, Respondent, v. CHARLES A. WEBSTER as Superintendent of the Penitentiary of the County of Monroe, Appellant.

*Unlawful riding on cars — form of commitment — necessity of issuing a warrant — jurisdiction of the magistrate — habeas corpus — arrest without a warrant under the direction of another officer.*

When the charge against a prisoner, as specified in the commitment, is that of unlawfully and willfully riding on the cars of a railroad without permission from the proper authorities, or of the person in charge of such train, at a specified time and place, the charge is sufficiently explicit to bring the offense charged within the provisions of subdivision 1 of section 426 of the Penal Code.

It is not essential for a commitment to state whether the prisoner was brought before the proper authorities upon a warrant, or by an officer who had arrested him without a warrant.

The office of a warrant is to bring the person charged before the magistrate, and when that has been done its duty ends. The magistrate acquires jurisdiction of a person when the person is placed in his custody charged with a crime. It then becomes his duty to act.

The contention that it is the duty of a magistrate, even though a person is delivered into his custody charged with a crime, to then issue a warrant and have the prisoner again arrested upon the warrant, or to enter upon a preliminary examination to determine whether he was properly arrested without a warrant before he can acquire jurisdiction, is not sustained by authority.

A court or judge upon the return of a writ of habeas corpus may not inquire into the legality or justice of any mandate, judgment, decree or final order.

Where an officer who actually took a prisoner in charge, without a warrant for his arrest, did not see him in the act of committing the offense, but acted under the orders and direction of another officer who did see the prisoner commit the offense, the act of the officer making the arrest, in taking the prisoner in charge, may be treated as the act of the officer under whose direction the arrest was made.

APPEAL by the defendant, Charles A. Webster, as superintendent of the penitentiary of the county of Monroe, from an order made by the special county judge of the county of Monroe and entered in the office of the clerk of the county of Monroe on the 12th day of July, 1893, discharging the relator from the custody of the defendant.

*Howard H. Widener, Assistant District Attorney,* for the appellant.

*C. I. McDowell,* for the respondent.

HAIGHT, J.:

It appears that the relator was imprisoned in the Monroe County Penitentiary, in the custody of Charles A. Webster, as superintendent; that he petitioned the special county judge for a writ of habeas corpus to the end that he might be bailed or discharged from custody; that upon the petition the writ was allowed, and on the return day therein mentioned the superintendent of the penitentiary produced the body of the relator before the special county judge, as he was commanded to do, and made return thereto to the effect that the relator was in his custody; and detained by him as superintendent of the penitentiary of Monroe county under and by virtue of a commitment issued by Charles B. Ernst, Esq., police justice of the city of Rochester, N. Y., on the 10th day of June, 1893, which recited a conviction had in a Court of Special Sessions held by the police justice aforesaid, for the crime of unlawfully and willfully riding on the cars of the New York Central and Hudson River railroad without permission from the proper authorities or the person in charge thereof. A copy of the commitment is attached, signed by the police justice, which is in the form prescribed by the statute. The superintendent further returned, upon information and belief, that the relator was arrested by an officer when in the actual commission of the offense specified in the commitment, and brought before the police justice, where proceedings were lawfully and regularly had, the relator upon such charge duly and lawfully tried, and upon such trial duly convicted, and that the commitment was issued upon such conviction. The relator traversed this portion of the return, and thereupon the special county judge entered upon a hearing of the case, taking the oral testimony of the relator and his witnesses, and after the taking of such testimony ordered the relator discharged, upon the ground, as stated by the court, that the relator "was arrested upon a charge of vagrancy; that it appears from what he states and from the evidence of other witnesses that the relator was tried and convicted for unlawfully riding on railroad cars; that no information was laid or warrant issued by the police justice upon this charge, and that, therefore, the police justice of the city of Rochester, sitting as a Court of Special Sessions, acquired no jurisdiction of the case; and also, that it does not appear by the commitment returned by the Superintendent of the Penitentiary,

that the relator is detained for the commission of a crime described in the statute."

Section 426 of the Penal Code provides that: "1. A person who, Rides on any engine or any freight or wood car of any railway company without authority or permission of the proper officers of the company or the person in charge of the car or engine; or, 2, Who gets on any car or train while in motion for the purpose of obtaining transportation thereon as a passenger; or, 3, Who willfully obstructs, hinders or delays the passage of any car lawfully running upon any steam or horse or street railway; Is guilty of a misdemeanor." The charge as specified in the commitment is, as we have seen, " with unlawfully and willfully riding on the cars of the New York Central & Hudson River Railroad without permission from the proper authorities or of the person in charge of the train, at Rochester, on the 9th day of June, 1893." It appears to us that this is sufficiently explicit to bring the offense charged within the first subdivision of the section of the Penal Code quoted.

The special county judge says that the relator was arrested upon a charge of vagrancy, but such fact, if fact it be, does not appear from the return of the superintendent. The commitment states that William Gunn, the relator, was brought before a Court of Special Sessions held by C. B. Ernst, Esq., police justice of the city of Rochester, charged with unlawfully and willfully riding on the cars, etc. It says nothing about his being arrested upon a charge of vagrancy, and we do not understand this portion of the return to have been traversed. The special county judge further states that it appears from what the relator states, and from the evidence of the other witnesses, that he was tried and convicted for unlawfully riding on railroad cars; that no information was laid or warrant issued by the police justice upon this charge; and that, therefore, the police justice, sitting as a Court of Special Sessions, acquired no jurisdiction in the case.

As to the conviction for unlawfully riding upon railroad cars, the fact appears not only from the statement of the relator and his witnesses, but also from the commitment. As we have seen, the commitment recites that he was brought before the Court of Special Sessions, and this charge was made against him. As to whether he was brought upon a warrant or by an officer who had arrested him

without a warrant, the commitment is silent; and we have been unable to find any provision of the statute which requires this fact to be specified in the commitment. Section 168 of the Code of Criminal Procedure provides that an arrest may be, 1, by a peace officer, under a warrant; 2, by a peace officer, without a warrant; or, 3, by a private person. Provisions are made in the Code for the issuing of warrants upon information laid before a magistrate. Such warrants command the peace officer to whom they are directed to forthwith arrest the person named therein and bring him before the magistrate. (§§ 148, 151.)

Provisions are also made for arrests without a warrant in certain cases by peace officers and private persons. (§§ 177, 183.)

When an arrest is made the person arrested must at once be taken before a magistrate. The office of a warrant is to bring the person charged before the magistrate. When that has been done its office is at an end. The magistrate acquires jurisdiction of the person when the person is placed in his custody charged with a crime. It then becomes his duty to act. Hence, the provisions of section 188, which provide that " when the defendant is brought before a magistrate upon an arrest, either with or without warrant, on a charge of having committed a crime, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had." If we understand the position of the respondent correctly, it is the duty of a magistrate, even though a person is delivered into his custody charged with a crime, to then issue a warrant and have the prisoner again arrested upon the warrant, or to enter upon a preliminary examination to determine whether he was properly arrested without a warrant before he can acquire jurisdiction. Our attention has been called to no case which sustains this contention.

It is provided that a court or judge upon the return of a writ of habeas corpus shall not inquire into the legality or justice of any mandate, judgment, decree or final order. (Code Civ. Proc. § 2034.)

Here we have the relator brought before a magistrate sitting as a Court of Special Sessions. He is charged with unlawfully and will-

fully riding on the cars of the New York Central and Hudson River railroad without permission from the proper authorities or the person in charge of the train, which, under the provision of the statute, is a misdemeanor. Upon this charge he was tried and convicted and sentenced to be imprisoned in the Monroe County Penitentiary for the term of two months. The facts set forth in the commitment are not controverted, and the special county judge had no power to inquire into the legality or justice of the judgment.

But assume, for the purposes of this case, that the special county judge had the power to go outside of the record and take oral testimony upon the controverted questions. It then appears that one La Pointe was an officer in charge of the New York Central and Hudson River railroad yards; that he went to the police office in the city of Rochester and asked for a detail of detectives; that several were furnished him, and they together made a descent upon the yards of the railroad company; that there they found a number of boys, whom they arrested, among whom was the relator; it appears that the relator was taken into custody by Officer Dukelow, but that Officer La Pointe told Dukelow to arrest him. This, the relator concedes in his testimony. That they took the persons arrested to the station house, and that there Dukelow first entered the charge of vagrancy against the relator; but when he was taken before the police justice, La Pointe appeared against him with the charge of unlawfully riding upon railroad cars, as specified in the commitment. The evidence taken before the Court of Special Sessions is not returned. It has no place upon a hearing upon a writ of habeas corpus, but the relator admits in his testimony that Officer La Pointe was sworn upon the trial and testified that he, the relator, had been riding upon freight cars; that he was jumping on freights all the time. La Pointe could not well have testified to this without having seen him; so, that upon the respondent's theory of the case, the magistrate had evidence before him tending to show the legality of the arrest. True, Dukelow, who actually took the relator in charge, did not see him in the act of committing an offense, but Dukelow acted under the orders and directions of La Pointe, who did see him. La Pointe was the officer in charge there present making the arrests. He had the right to call to his aid the other officers, and whatever they did under his direction may be treated as his act.

The order appealed from should be reversed, and the relator remanded to the custody of the superintendent of the Monroe County Penitentiary.

DWIGHT, P. J., and LEWIS, J., concurred.

Order of the special county judge of Monroe county appealed from reversed, and the relator remanded to the custody of the defendant.