THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM B. CARTER, Appellant.

*A magistrate's jurisdiction — not affected by a failure to reduce a charge to writing — irregularities may be waived by the prisoner.*

While section 699 of the Code of Criminal Procedure provides that where Courts of Special Sessions or Police Courts have jurisdiction and the defendant is brought before the magistrate the charge against him must be distinctly read and he must be required to plead thereto, still an omission to reduce the charge to writing does not deprive the magistrate of jurisdiction; and where a defendant is brought before a magistrate, and without any other action upon his part pleads guilty to the oral charge, the requirements of such section are waived and the prisoner's conviction will not be reversed because the charge was not reduced to writing.

A magistrate acquires jurisdiction of a person when the person is placed in his custody charged with a crime, and any omission on the part of the magistrate which is a mere irregularity not affecting his jurisdiction may be waived by the prisoner.

APPEAL by the defendant, William B. Carter, from a judgment of the Court of Sessions, held in and for the county of Onondaga on the 1st day of March, 1895, affirming the judgment of a police justice of the city of Syracuse, convicting him of the crime of disorderly conduct in being intoxicated on a public street in said city. ·

*M. F. Sherlock,* for the appellant.

*B. J. Shove,* for the respondent.

MARTIN, J.:

The charter of the city of Syracuse (Laws 1885, chap. 26, tit. 5, §.52) authorizes the police justice of that city to hold Courts of Special Sessions for the trial of all offenses triable in a Court of Special Sessions, and confers upon such court the powers and jurisdiction conferred upon Courts of Special Sessions by title 6, chapter 1, section 56 of the Code of Criminal Procedure. He is also given power and jurisdiction to try all offenses of the grade of misdemeanor under the laws of the State of New York. Section 35 of chapter 401 of the Laws of 1892 provides : "Any person who shall be intoxicated in a public place shall be guilty of disorderly conduct, may be arrested without warrant while so intoxicated, and shall be punished by a fine of not less than three nor more than ten dollars, or by imprisonment not exceeding six months." This offense was a misdemeanor. (Penal Code; §§ 5, 6.) Thus it is obvious that the trial court had judisdiction to try the offense of which the defendant was charged.

From the papers and return in this case it is manifest that the defendant was arrested for being intoxicated in a public place in the city of Syracuse. He was arraigned before one of the police justices of that city and charged with that offense. He pleaded guilty, and it was thereupon adjudged that he should be imprisoned in the Onondaga county penitentiary for the term of thirty days. It seems to us quite clear that when the defendant was arraigned,

which presumably involved a statement of the charge made against him, and he pleaded guilty, the court had the right to convict him of that offense. The only ground upon which the appellant claims the judgment herein should be reversed is, that the charge to which the defendant pleaded guilty was not sufficient to justify the court in convicting him of the crime, because it was not in writing and verified, and the officer making the arrest was not sworn in reference to the offense. As sustaining that proposition he cites *People ex rel. Baker* v. *Beatty* (39 Hun, 476). In that case the defendant was convicted of disturbing certain oyster beds. Upon the hearing of an appeal from a judgment of the Court of Sessions affirming a judgment of the Court of Special Sessions, it was for the first time objected that, in the charge before the Court of Special Sessions, the prefix " un " had been omitted, making the charge allege that the defendant " lawfully " did the acts set forth. The court in that case said that if the question had been raised by the affidavit required by section 751 of the Code of Criminal Procedure, it might have been sustained, but as it was not so specified it could not be considered. We find in that case no authority for the contention of the appellant.

While the Code of Criminal Procedure (§ 699) provides that where such courts have jurisdiction, when the defendant is brought before the magistrate the charge must be distinctly read to him, and he must be required to plead thereto; still, we are of the opinion that an omission to reduce the charge to writing does not deprive the magistrate of jurisdiction, and that where, as in this case, a defendant is brought before a magistrate, and without any other action upon his part pleads guilty to the oral charge, the requirements of section 699 are waived, and his conviction should not be reversed because the charge was not reduced to writing. The filing of an information in writing was not required, as the statute expressly gives authority to arrest without a warrant any person intoxicated in a public place. A magistrate acquires jurisdiction of a person when the person is placed in his custody charged with crime. (*People ex rel. Gunn* v. *Webster*, 75 Hun, 278.) If, as we have already suggested, this omission was not jurisdictional, but a mere irregularity, it could be waived by the defendant. (*Pierson* v. *The People*, 79 N. Y. 424, 429.) In *The People* v. *Rathbun* (21 Wend.

509, 542) COWEN, J., said: "He may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court." (See, also, *People* v. *McIntosh*, 5 N. Y. Crim. Rep. 38; *People* v. *McGann*, 43 Hun, 55.)

If, therefore, under the circumstances of this case and under the statute creating the offense of which the defendant was convicted, any written charge was necessary, we think its omission was at most an irregularity, which was waived by the defendant when he pleaded guilty, and that the judgment of the Court of Sessions affirming the judgment of conviction by the Court of Special Sessions should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment of the Court of Sessions of Onondaga county, affirming the judgment of conviction and sentence of the Court of Special Sessions, affirmed.