(13 Misc. Rep. 603.)

### PEOPLE v. VAN HOUTEN.

(Court of Sessions, Rockland County. July, 1895.)

1. VILLAGES—ENFORCEMENT OF ORDINANCES—NATURE OF PROCEEDINGS.
   Under Laws 1870, c. 291, tit. 8, § 7, providing that the first process in a suit by a village for a penalty under an ordinance adopted pursuant to the act shall be a summons or warrant, the proceeding therefor is criminal, or quasi criminal; it being further provided that the penalty may be enforced by imprisonment, in default of payment.

2. ARREST—BY POLICE CONSTABLE—WARRANT.
   Under Laws 1870, c. 291, tit. 5, § 4, as amended by Laws 1889, c. 229, providing that a police constable shall have the same powers as constables of towns, and shall arrest persons violating a village ordinance, and Laws 1875, c. 385, § 1, providing what shall be done when arrest is made by a police constable without process under Laws 1870, c. 291, tit. 5, § 4, a police constable may arrest without warrant one violating, in his presence, a village ordinance.

3. VIOLATION OF ORDINANCE—OBSTRUCTING SIDEWALK.

Violation of an ordinance prohibiting the placing of anything on a sidewalk so as to obstruct the free passage thereof may be proved without showing that any one had been actually interfered with or obstructed in his use of the sidewalk.

4. SAME—JUSTIFICATION.

Violation of an ordinance prohibiting the obstruction of sidewalks is not justified by the fact that other persons placed obstructions on the sidewalk in front of other buildings in the same block.

5. RIGHT TO JURY.

Const. art. 1, § 2, declaring that trial by jury in all cases in which it has been heretofore used shall remain inviolate, does not apply to an offense thereafter created, and tried in a court not then existing.

6. SAME.

Code Cr. Proc. § 702, relative to proceedings before courts of special sessions and police courts, providing that, before the court hears any testimony, defendant may demand a jury, does not apply to cases for violation of village ordinances before police justices, but only to crimes and misdemeanors created and defined by the Penal Code.

7. POLICE JUSTICES—JURISDICTION.

Code Cr. Proc. § 74, declaring that police justices have such jurisdiction, and such only, as is specially conferred on them by statute, and Pen. Code, § 725, subd. 4, providing that among the statutes continuing in force, notwithstanding the Code, are all acts defining and providing for punishment of offenses not defined and made punishable by the Code, continue the power of police justices in reference to violations of village ordinances; the village law authorizing villages to enact, and punish violations of, ordinances, having been enacted prior to adoption of the Code, and such violations being offenses not defined and made punishable by the Code.

8. SAME—PRACTICE.

Laws 1875, c. 385, § 1, provides that when a person is arrested without a warrant, and brought before a justice of the peace, for violation of a village ordinance, the magistrate shall proceed forthwith to try and determine the complaint. Laws 1875, c. 514, gives police justices power to try actions to recover penalties for violation of village ordinances; and Laws 1876, c. 308, gives the police justice exclusive jurisdiction in all cases of violation of village ordinances. *Held*, that the latter acts did not repeal the former act, as to the method of procedure, but merely clothed the police justice with the power there conferred on justices of the peace.

9. RIGHT TO JURY TRIAL.

Laws 1875, c. 385, § 1, as amended by Laws 1875, c. 514, and Laws 1876, c. 308, providing that when a person is arrested without a warrant, and brought before a police justice, for violation of a village ordinance, he shall proceed "forthwith" to try and "determine" the case, implies that trial is to be without a jury.

Appeal from judgment of a police justice.

Edward C. Van Houten was convicted of violating a village ordinance, and appeals. Affirmed.

G. Z. Snider, for appellant.

Alonzo Wheeler and Richard S. Harvey, for respondents.

TOMPKINS, J. The village of Nyack is a municipal corporation organized under the general village law of 1870, having a police justice. Section 3, tit. 3, c. 291, of the Laws of 1870, provides, among other things, as follows:

"The trustees shall have power as to acts and matters within the corporate bounds to make, publish and amend and repeal rules, ordinances and by-laws

for the following purposes: To prevent incumbering the streets, squares, sidewalks, crosswalks, lanes and alleys with any material whatever."

And by the same section the trustees are given power to prescribe penalties for a violation thereof, not exceeding $10 for each offense. And the same act, by section 7 of title 8, provides for the imprisonment of a defendant of whom a judgment for the penalty cannot be collected. The trustees of the village of Nyack, pursuant to the power conferred upon them by the section above quoted, adopted and published an ordinance or by-law as follows:

"Sec. 10. No person shall place or suffer to be placed any casks, boxes, wood, stone, dirt, lumber or other material whatever in any street or on any sidewalk in said village so as to incommode or obstruct the free passage or use thereof, under a penalty of ten dollars for each offense."

The defendant, Edward C. Van Houten, occupied a store on the west side of Broadway, in said village, and, after several times being notified by the police officers of the village to refrain from obstructing the sidewalk in front of his store, was arrested by one of the village policemen on the 19th day of April, 1895, and charged by said officer with a violation of the ordinance above quoted. At the time of the arrest the boxes, barrels, produce, and other material which it was alleged constituted the obstruction were upon the sidewalk, and observed by the officer, and the defendant was in and about the store. He was arraigned before the police justice, and after several adjournments, some of which were at the defendant's request, he was found guilty by the police justice of having violated the said ordinance, and ordered to pay a fine of $10, and, in default of payment, to be imprisoned in the county jail for a term not exceeding 10 days. The justice refused the defendant's request for a trial by jury. The defendant was represented by counsel, who raised before the police justice all the questions which are now presented on this appeal. No evidence was offered on behalf of the defendant. From the judgment of the police justice an appeal was taken to this court.

We will take up and consider the reasons assigned by the defendant's counsel for a reversal of the judgment in the order in which they were presented on the argument. It is first claimed by the defendant that the acts specified in the information do not constitute a crime. It is true that a village board of trustees cannot create or define crimes; that the legislature alone has power to constitute acts or omissions as criminal offenses. But in the adoption of this ordinance the trustees have only done what the legislature has given them power to do, i. e. forbidden the incumbering of sidewalks, and have provided a penalty for the doing of such an act. Whether the act be called a crime, or otherwise, it is nevertheless a violation of an ordinance or by-law which the board of trustees had power to enact; and whether it be called a crime, or not, matters not. The punishment can be no greater than that provided by the ordinance.

The question as to whether it be a crime, or not, is only material when we consider the question of how the ordinance should be enforced, and what proceedings should be instituted to punish the

offender.　This brings us to the second point presented by the appellant.

It is contended that the only remedy for a violation of this section is by a civil action, to be commenced by the service of the usual form of summons, and not by a warrant.　Section 7 of title 8 of the general village law of 1870 is as follows:

"The first process in any suit brought by the village for a penalty under this act, or a rule, by-law or ordinance adopted by the board of trustees in pursuance of said act, shall be a summons or warrant."

This section, then, expressly authorizes the use of a warrant as the first process in a proceeding to enforce any village ordinance adopted pursuant to the statute, and a warrant is always suggestive of a criminal proceeding; and where a summons is made use of to initiate the proceeding the action is of a quasi criminal nature, for the reason that the penalty may be enforced by the imprisonment of the defendant if he fails or refuses to pay the penalty.　Section 4, tit. 5, of chapter 291 of the Laws of 1870, as amended by chapter 229 of the Laws of 1889, provides:

"The person appointed police constable shall have the powers and be subject to the same duties in criminal and civil cases * * * as constables of towns, * * * and shall be subject to the directions and orders of the president. He shall have the power, and it shall be his duty, to keep order in all public places in the village; to arrest persons concerned in riotous or noisy assemblages, or who are breaking the peace or violating this act, or the by-laws, rules or ordinances of the village."

And that the police officer has the right to make such an arrest without a warrant is made very clear by section 1 of chapter 385 of the Laws of 1875, which provides that:

"When any person shall be arrested by a police constable without process, under section 4, title 5 of the act entitled 'An act for the incorporation of villages,' passed April 20, 1870, the justice shall proceed," etc.

It seems clear, therefore, that the village had power to adopt and enforce this ordinance, and that the police officer had the right to arrest the defendant, either with a warrant or without a warrant, if the defendant violated the ordinance in his presence.

The case of Roderick v. Whitson, 4 N. Y. Supp. 112, decided by the general term of the supreme court of this department, seems to be decisive of all the questions so far considered by us.　In that case it was expressly held that a village incorporated under the general village law of 1870 had power to adopt ordinances; that the police constable had power to arrest for a violation of them, either with or without a warrant; and that the justice thereupon acquired jurisdiction "forthwith to hear, try, and determine the complaint or charge on which such person was arrested," etc.　And Mr. Justice Dykman, writing the opinion of the court, says, "We think that the statute contemplates a criminal proceeding against persons who violate the ordinance in question."　In that case the ordinance violated forbid any person to go about or remain in any of the streets or sidewalks of the village of Matteawan, beating any drum or tambourine, etc., without permission of the village president, and for a violation thereof a penalty of five dollars was imposed.　The power

of the trustees of the village of Matteawan was derived from the same source as that under which the Nyack trustees acted in adopting the ordinance in question, so that the decision in that case is applicable to this, and is controlling and binding upon this court.

The appellant further contends that the evidence taken before the police justice fails to show that the acts complained of constituted a violation of section 10 of the village ordinances. We have carefully examined the testimony, and are of the opinion that the charge made against the defendant was made out by the evidence. The adoption and publishing of the ordinance was proven, and it was put in evidence. Mr. Tuttle, the president of the village, testified that the morning the arrest was made he saw, in front of defendant's store, bags, barrels, and boxes; that nearly the whole front of the store on the sidewalk was covered by these boxes, barrels, and bags; they were on the flagging in front of the store. Officer Wood, who made the arrest, corroborated Mr. Tuttle. It was shown that the same condition of things existed for some time before, and that he had been several times notified to remove the obstruction. Defendant admitted that he had placed these things there. This testimony, in the absence of any denial and explanation on the defendant's part, was ample evidence to justify the justice in finding that the ordinance had been violated. It was not necessary to show that any person had been actually interfered with or obstructed in his use of the sidewalk. The public were entitled to the use of the sidewalk at its full width; and the placing of any articles or material upon it, and suffering it to there remain, which interfered with the use of the walk, or the right to use it or any part of it, constituted a violation of the law. There is no evidence on the part of the defendant controverting the testimony of Tuttle or Wood that these articles were upon the sidewalk. From their knowledge of it, and its general use, the witnesses could testify directly to the fact that these articles were upon the sidewalk, subject to cross-examination and proof on defendant's part that they were not upon the sidewalk. There seems to have been no claim on defendant's part, so far as the evidence goes, that the place where his goods were was not a part of the sidewalk. Therefore, the testimony of Tuttle, supported by the testimony of Wood, is sufficient to justify the finding of fact by the justice.

It is further claimed, in defendant's behalf, that the justice erred in excluding evidence as to the obstructions in front of other buildings on the same block. Other violations of the ordinances could not justify the defendant.

The justice did not prevent the defendant showing the actual width of Broadway at the place defendant is alleged to have placed the obstructions, nor did defendant attempt to show that his property was not placed on a part of the sidewalk.

The return shows that the defendant "asked his constitutional right to be tried by a jury," and the refusal of the justice to grant his request is now urged as an error, and a ground of reversal. The defendant had no "constitutional right" to a jury trial. Section 2

of article 1 of the constitution reads as follows: "The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." When the constitution was adopted, police courts and courts of special sessions did not exist, nor did the acts charged against the defendant constitute an offense; hence the constitutional provision does not apply. If the right to a jury trial exists, it must be by virtue of the provision of section 702 of the Criminal Code. We think that it does not apply to cases for violations of village ordinances before police justices, but only to crimes and misdemeanors as created and defined by the Penal Code, which was adopted with the Criminal Code, and not to such offenses as the one at issue, in the absence of any other special statutory provision. Section 74 of the Code of Criminal Procedure reads: "Police justices have such jurisdiction and such only as is specially conferred upon them by statute." Subdivision 4 of section 725 of the Penal Code provides that among the statutes continuing in force, notwithstanding the Code, are "all acts defining and providing for the punishment of offenses and not defined and made punishable by this Code." The village law was enacted prior to the adoption of the Code, and violations of village ordinances are "offenses" not defined and made punishable by the Code, and it was evidently the intention of the legislature that the manner of enforcing such ordinances which was then provided for by statute should continue in force. Section 74 of the Criminal Code, above referred to, was intended to continue the statutes already in force, as regards the power of police justices in reference to offenses created by special statutes, and existing at the time of the adoption of the Code, in 1881, and not defined by the Code. In re McMahon, 64 How. Prac. 290. Section 1 of chapter 385 of the Laws of 1875 provides that:

"When a person is arrested * * * without process, * * * and brought before a justice of the peace for the violation of a village ordinance, the magistrate shall proceed forthwith to hear, try, and determine the complaint, or charge on which such person is arrested, and such person shall, upon conviction by such justice, be fined by such magistrate in accordance with any by-law or ordinance of the village and imprisonment in the county jail until such fine be paid, not exceeding ten days."

This provision provides for the procedure before the justice, and is controlling, and is applicable to police justices as well as to justices of the peace, for the reason that chapter 514 of the Laws of 1875, which provided for the election of police justices, gives them power to try actions to recover penalties, etc., for violation of village ordinances, and to give and enforce judgments, etc.; and by chapter 308 of the Laws of 1876 the last act was amended by giving the police justice exclusive jurisdiction in all cases of violation of village ordinances. These statutes do not repeal chapter 385, § 1, of the Laws of 1875, as to the method of procedure, as claimed by appellant's counsel, but clothe the police justice with the power there conferred upon justices of the peace. In short, the police justice is substituted for the justice of the peace. Under section 1 of chapter 385 of the Laws of 1875, the justice had the power, and it was his duty, to proceed "forthwith to hear, try and determine" the case, and such

language necessarily implies that it must be without a jury. He could not proceed "forthwith" or "determine" the case if defendant had a right to a jury. This power is not inconsistent with any statute, or with the policy of the law. There are numerous minor offenses with which the justices are empowered to deal summarily. Judge Pratt, of this department, says in the case of People v. Putnam, 3 Parker, Cr. R. 386:

"There was always a class of persons or offenders who, from the commencement of the government, have been accustomed to be dealt with summarily before inferior magistrates, and to whom the right of trial by jury had not been granted."

The case of People v. Burleigh, 1 N. Y. Cr. R. 526, which was an appeal from a summary conviction of appellant, as a disorderly person, under the excise act of 1857, the following was, in part, the opinion of the court:

"It is, however, urged that the provisions of law above referred to, and under which the defendant was convicted, are repugnant to the constitution, and void, because the accused is thereby deprived of the right of trial by a common-law jury after indictment. We are of the opinion that this position is untenable. * * * It was decided in People v. Justices of Court of Special Sessions, 74 N. Y. 406, that this constitutional provision did not apply to the petty offenses triable before a court of special sessions. * * * The very manifest intent of the law is that the trial should be had by the magistrate without jury. It is made the duty of the magistrate 'forthwith' to try the offender, and, upon his conviction by that officer, sentence must be pronounced. The fair reading of the act is to the effect that the entire proceeding shall be had by the magistrate. To him is given exclusive jurisdiction to examine, to try, and to convict."

This decision was made two years after the adoption of the Code of Criminal Procedure. In the excise act of 1857 the word "forthwith" is used in the same manner and sense as in chapter 385 of the Laws of 1875. If our reasoning is correct, the defendant was not entitled to a jury trial, and the justice did not err in that respect.

The judgment of the police justice should be affirmed. Judgment affirmed.