(19 Misc. Rep. 680.)

## PEOPLE v. BURNS.

### (Onondaga County Court. March, 1897.)

1. CRIMINAL LAW—JURISDICTION—UNLAWFUL ARREST.
   The objection that defendant in a misdemeanor case was arrested, without a warrant, for an offense not committed in the presence of the officer making the arrest, is available as a plea to the jurisdiction of the court, unless waived.

2. SAME—WAIVER.
   A plea of guilty waives an objection that defendant was arrested, without a warrant, for an offense not committed in the presence of the officer.

Appeal from police justice of city of Syracuse.

Nellie Burns was brought before the police justice of the city of Syracuse, without a warrant or verified information, on a charge of violating chapter 12, § 1, of the ordinances of said city. She pleaded guilty to the charge, and was sentenced to imprisonment for 60 days, and from the judgment she appeals. Affirmed.

Kennedy & Smith, for appellant.
George W. Standen, for the People.

ROSS, J. 1. It is claimed that the arrest was illegal because the offense with which the defendant was charged is not a felony, and, it is claimed by the defendant, was not committed in the presence of the officer making the arrest, and that no warrant was issued. The fact that no warrant was issued being conceded, the arrest was illegal, unless the people proved the facts that would justify an arrest without warrant, or unless the necessity for such proof, or for a warrant, was waived by the defendant by the plea of guilty, and such objection is available as a plea to the jurisdiction of the court or magistrate. People v. Howard, 13 Misc. Rep. 763, 35 N. Y. Supp. 233; Meyer v. Clark, 41 N. Y. Super. Ct. 107; People v. Pratt, 22 Hun, 300; People v. James, 11 App. Div. 609, 43 N. Y. Supp. 315. The case of People v. Webster, 75 Hun, 278, 26 N. Y. Supp. 1007, is not an authority to the contrary. That was an appeal from an order made in habeas corpus proceedings discharging the relator, and was decided upon the ground that the judge who made the order appealed from had no authority upon such proceedings to inquire into the legality of the judgment. The court, however, on page 282, 75 Hun, and page 1010, 26 N. Y. Supp., discussed the case upon the merits, and decided that the magistrate had evidence before him tending to show the legality of the arrest. Those minor cases in which it is specially provided by statute that an arrest may be made without warrant are exceptions. People v. Carter, 88 Hun, 304, 34 N. Y. Supp. 764.

2. It is also claimed by the defendant that the justice acquired no jurisdiction, for the reason that no information was made or filed. An information must be made setting forth the facts tending to establish the commission of the crime and the guilt of the defendant. Code Cr. Proc. §§ 145, 149; Blodgett v. Race, 18 Hun, 132. Bockes, J., says: "But, before a warrant can lawfully issue for the arrest of the offender, the magistrate must have some evidence of his guilt." People v. Olmsted, 74 Hun, 323, 26 N. Y. Supp. 818; People v. James, 11 App. Div. 609, 43 N. Y. Supp. 315. It follows that the conviction should be reversed unless, by a plea of guilty, the defendant waived the foregoing objections and conferred jurisdiction upon the court. The recent case of People v. James, a decision by the appellate division in this department, was a case of an appeal from a conviction by a police justice upon the charge of keeping a disorderly house, which is, by the provisions of section 322 of the Penal Code, made a misdemeanor. No information was lodged with the justice, and no warrant was issued. The defendant pleaded not guilty, and a trial was had, and a judgment rendered against the defendant. The learned justice who wrote the opinion in the case quoted at some length from various sections of the Code of Criminal Procedure contained in part 4 of the Code, which is entitled, "Of the Proceedings in Criminal Actions Prosecuted by Indictment." It was held in the former Fifth department, in People v. Cook, 45 Hun, 34, 36, that sections 188 and 189, contained in part 4 of the Criminal Code, were not applicable to cases of which the justice of the peace had exclusive jurisdiction; also, in the recent case of People v. Giles, 12 App. Div. 495, 42 N. Y. Supp. 749, the last six sections quoted in the opinion relate to the practice upon the preliminary examination of a defendant charged with a felony, or with a misdemeanor specified in subdi-

vision 37 of section 56 of the Code of Criminal Procedure, which describes a misdemeanor not included in the preceding subdivisions of section 56, and which, by the provisions of section 211 of the Criminal Code, is triable, at the election of the defendant, by a jury after indictment. The offense charged in the James Case being a misdemeanor of which the justice did not have exclusive jurisdiction, and to which the provisions of section 211 were applicable, the commenting upon the failure of the police justice to comply with the provisions of law, to which reference was made, would indicate that the learned justice had in mind the more formal proceedings which are required in cases which are triable by indictment; hence I think that decision should not be extended beyond the facts in that case. The defendant in this case is brought before the police justice charged with being an inmate of a disorderly house; presumably the arrest by the police officer was lawful. The people claim that the defendant was arrested for a crime committed in the presence of the person making the arrest, and that they were prepared to show these facts; but the defendant says, "I will plead guilty," and by such plea will admit all that is implied by such plea, not only the commission of the crime charged, but the lawfulness of the arrest. If the contention of the defendant is correct, no matter if an officer arrested the defendant in the commission of a crime to which the defendant pleads guilty, the police justice must, nevertheless, issue a warrant, or a conviction is illegal, although the people are prepared to show that the arrest was legal. In People v. Webster, 75 Hun, 278, 26 N. Y. Supp. 1007, Mr. Justice Haight, who wrote the opinion, on page 281, 75 Hun, and 1009, 26 N. Y. Supp., said:

"If we understand the position of the respondent correctly, it is the duty of a magistrate, even though a person is delivered into his custody charged with a crime, to then issue a warrant, and have the prisoner again arrested upon the warrant, or to enter upon a preliminary examination to determine whether he was properly arrested without a warrant before he can acquire jurisdiction. Our attention has been called to no case which sustains this contention."

Although the foregoing quotation was not necessary to the decision of that case, it strikes me as being both good law and good sense. The foregoing reasoning is equally applicable to the necessity for a written information. The object of an information, so far as the defendant is concerned, is to clearly, upon legal proof, inform him of the specific charge against him. Upon being brought into court he said, in the most specific, most significant, most emphatic language he can use: "Guilty. You need not go through the useless formality of reducing to writing and verifying a charge which is admitted in court as true. I am guilty." The case of People v. Carter, 88 Hun, 304, 34 N. Y. Supp. 764, is in point, although in that case, by express provision of the statute, no warrant was necessary. In the opinion in that case, quoting from the language of Cowen, J., in People v. Rathbun, 21 Wend. 542: "He may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court." Can there be any doubt that in this case the court had jurisdiction of the person of the defendant and of the subject-matter? The plea of guilty might, in a proper case, confer juris-

diction. I have yet to learn that it deprives a court of the jurisdiction which otherwise it would possess.

Judgment affirmed.