(24 Misc. Rep. 488.)

## In re MOTLEY.

(Supreme Court, Special Term, New York County. August, 1898.)

1. STATUTES—PARTIAL INVALIDITY—DEPENDENT PROVISIONS.

Laws 1896, c. 886, making the term of imprisonment of a person convicted of disorderly conduct to depend on a determination as to whether he had been previously convicted of a like offense, without a hearing on such determination, being unconstitutional, renders the remaining provisions of the chapter respecting the punishment for disorderly conduct also invalid, as one part is dependent on the other.

2. DISORDERLY CONDUCT—SUMMARY CONVICTION.

Consol. Act, §§ 1461, 1462, and Code Cr. Proc. §§ 901, 903, providing for the imprisonment of one guilty of disorderly conduct only on his failure to give security for good behavior, preclude a city magistrate from making a summary conviction for such an offense, without permitting the giving of such security.

Habeas corpus on the application of Lizzie Motley. Prisoner discharged.

Louis Lowenstein, for relator.

Keyran J. O'Connor, Asst. Dist. Atty., for respondent.

McADAM, J. The relator was, by one of the city magistrates, committed to the workhouse for 30 days, on a summary conviction for disorderly conduct, and her discharge is demanded on the ground that such commitment is unauthorized. The magistrate being an officer of inferior jurisdiction, his power to act must be based upon some statute expressly conferring the authority which he assumed to exercise. Code Cr. Proc. § 74. Under the former Revised Statutes the power of such a magistrate on summary conviction for disorderly conduct was limited to requiring the offender to give sufficient sureties for his or her good behavior for the space of one year (Colby, Cr. Law, 73; People v. Carroll, 3 Parker, Cr. R. 73); and the only commitment authorized was one until such sureties were found (Id.). The provisions of the consolidation act (sections 1461 and 1462) are patterned after this statute, and so are those contained in the Code of Criminal Procedure (sections 901 to 903); and see In re McMahon, 64 How. Prac. 285. The commitment in this instance is for 30 days without permitting the taking of sureties for good behavior; so that the prisoner has been unlawfully deprived of at least this substantial provision for obtaining her liberty. The legislative intent that the commitment shall be only until sureties for good behavior are found is manifest in all the statutes up till the act of 1896 (chapter 886), and sections 707 to 711 of the charter (the latter being a re-enactment of the former); and these authorize the magistrate to commit the offender to the workhouse or jail, to be detained until discharged pursuant to sections 710 and 711 of said charter, and for a term not exceeding six months from the date of the commitment, which, it is required, must recite these facts. The opportunity of obtaining the speedy discharge provided for by sections 710 and 711 upon the certificate of the commissioner of corrections, etc., is made an essential part of the power to commit, and of the commitment itself. These provisions have been declared unconstitutional and void (In re Kenny,

23 Misc. Rep. 9, 49 N. Y. Supp. 1037); so that the entire system of the charter provisions in question (one part being dependent upon the other) fails (Cooley, Const. Lim. 178). The people are therefore in no manner aided by the act of 1896, nor by the charter provisions. Indeed, the district attorney makes no claim to hold the relator under these enactments. If then, we are, as the district attorney claims, relegated back to the provisions of the consolidation act and those contained in the Code of Criminal Procedure, it is clear that the imprisonment is illegal, because not made upon default of sureties for good behavior, nor on condition making a continuation of the imprisonment dependent upon failure to give the required security according to legal requirements. It might perhaps be for the public good if persons guilty of disorderly conduct were summarily committed, as was done from the best of motives by the magistrate in this instance; but this is a subject for legislative reflection only. There is no conceivable principle which permits a court of justice, upon a habeas corpus proceeding, to sanction a deprivation of liberty which finds no warrant in law.

The prisoner must be discharged. Ordered accordingly.