BALDWIN v. RICE.

(Supreme Court, Appellate Division, Third Department.   November 15, 1911.)

FALSE IMPRISONMENT (§ 7*)—LIABILITIES.

    Where plaintiff, after being arrested, was taken before a magistrate, examined, held to answer, and committed to the custody of the sheriff, and remained in jail for 299 days without any examination as to the legality of his detention on habeas corpus, he could not maintain a suit against the justice for false imprisonment.

    [Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 7.*]

    Smith, P. J., dissenting.

Appeal from Trial Term, Saratoga County.

Action by William Baldwin against George A. Rice.   Judgment for defendant, and plaintiff appeals.   Affirmed.

See, also, 69 Misc. Rep. 555, 126 N. Y. Supp. 805; 126 N. Y. Supp 806.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS and HOUGHTON, JJ.

Robert W. Fisher, for appellant.

Oscar Warner, for respondent.

JOHN M. KELLOGG, J.   A criminal prosecution before a justice is instituted by an information.   The justice is then required to examine the complainant and his witnesses under oath.   Code of Criminal Procedure, § 148.

Section 152 of that Code provides that the warrant shall specify the name of the defendant, or, if it be unknown to the magistrate, the defendant may be designated by any name.   This provision follows from the rule that the real object of a warrant is to get the accused person in court.

As stated in People ex rel. Gunn v. Webster, 75 Hun, 278, 26 N. Y. Supp. 1007:

    "When an arrest is made, the person arrested must at once be taken before the magistrate.   The office of a warranty is to bring the person charged before the magistrate.   When that has been done, its office is at an end. The magistrate acquires jurisdiction of the person when the person is placed in his custody charged with a crime.   It then becomes his duty to act."

An information was filed against John Doe, which is known to be a fictitious name used in legal proceedings to designate an unknown person.   Section 277 of the Code provides that, if a defendant is indicted by a fictitious name, his true name shall be substituted in all subsequent proceedings as soon as it is discovered, referring to the fact that he was indicted by the name mentioned in the indictment.

The plaintiff made the answer of the defendant a part of his opening address to the jury, and the complaint was dismissed upon the pleadings and the opening.   The warrant is set forth in the complaint, and it recites that information on oath charged William Baldwin with the crime.   The pleadings and opening show that, when William Baldwin was brought before the magistrate, the case against

    *For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

him was examined into, and after examination he was held to answer the charge and committed to the sheriff of the county. He was arrested on the 29th of June, and the commitment to the sheriff was on the 1st day of July. From the fact that he was imprisoned 299 days by virtue of a warrant, order, and commitment issued by the defendant, it is evident that he must have been indicted—perhaps tried, and perhaps convicted.

Usually actions of this kind are brought when the wrong person is arrested; but we can spell out from the meager record that the right person was arrested by this warrant. It is at least a novel situation where a person is arrested, duly examined before a magistrate, held to await the grand jury, and remains in jail 299 days after he has left the justice's hands, that the justice is prosecuted for false imprisonment in issuing the warrant which brought the criminal before him for examination and resulted, after due inquiry, in his being held for the offense. The recital in the warrant that the information showed that William Baldwin committed the offense leads irresistibly to the conclusion that upon the examination, before the warrant was issued, the justice ascertained that he was probably the offender.

In analogy to the proceedings on indictment, while the information is laid against John Doe, it was the right and the duty of the justice, as soon as the name of the offender was known, to cause it to be inserted in the subsequent proceedings. The complaint alleges that the defendant was arrested, brought before the justice, and held by him for examination. The real grievance alleged is the holding for examination and the subsequent commitment to prison, all of which was done after the defendant was identified as the real offender, the John Doe mentioned in the information.

While it must be considered that the plaintiff has shown courage in bringing this action, under the circumstances, I think it has no other merit, and that the justice kept well within the bounds of a judicial officer and is protected by his character as such. It is unnecessary to consider what the situation would have been if the defendant, immediately upon his arrest and before he appeared before the justice, had obtained a habeas corpus to inquire as to his detention, but, after the examination, the identification of the defendant as the real offender, and his commitment after examination, the case is without merit.

I favor an affirmance of the judgment, with costs. All concur, except SMITH, P. J., who votes for reversal on the ground that there was no proof before the justice, before the arrest, that the plaintiff in this case had committed the crime.