THE VILLAGE OF LANCASTER, Appellant, v. JOHN RICHARD-SON, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, APRIL, 1871.)

To punish for a misdemeanor by fine or imprisonment is not, it seems, in a legal sense, to inflict a penalty.

The trustees of the village of Lancaster have authority, under its charter, to impose penalties for destruction of shade trees on the village streets, but not for any act for which a penalty is imposed by law. (See Laws, 1859, chap. 320, § 47, subd. 25, § 48, subd. 12.) It seems they may exercise the authority, although the destruction of ornamental trees, &c., is made a misdemeanor by statute (Laws, 1853, chap. 573), and punishable by fine or imprisonment, or both, and liability to the party injured for five times the amount of his damages.

It seems that shade trees are ornamental trees, within the statute. (Laws, 1853, chap. 573.)

Trees standing on streets and highways, of which the soil belongs to adjacent owners, are the property of such owners, who may remove them at pleasure.

Laws, passed for the protection of such trees, apply only to other persons than the owners; nor can the legislature authorize the infliction of a penalty upon the owner of the trees for removing them, unless the public have acquired title by purchase, or exercise of the right of eminent domain.

The trees standing or being within the limits of a highway, when the lands are taken for its purposes, and to which the public acquire a right for use in making and repairing the roadway and bridges on the same land (1 R. S., 525, § 126), are taken, presumptively, upon compensation awarded to the owner as part of his damages for the land.

Except as authorized by law (see 1 R. S., 525, § 127), the owner of land subject to a public highway may not plant trees upon it without the risk of their removal by the officers charged with care of the highway, or as being dangerous to, or interfering with, the public use.

THIS was an appeal by the plaintiff, upon a case and exceptions, from a judgment entered on an order of nonsuit, upon a trial by the court and a jury.

It appeared that the defendant resided in the village of Lancaster, and owned land whereon there was a block of brick buildings fronting on and bounded by Main street, which was a public highway, four rods in width, regularly laid out, and had been used for more than twenty-five years; that shade-trees had been planted, more than six feet apart, along either side of the street, in rows, one of which rows extended along the front of the defendant's premises, outside of the sidewalk, but within the center of the street from the buildings; that the trees had been planted more than twenty-five years, and were planted by the defendant's grantors; that the plaintiff was incorporated in 1859, under chapter 320, Laws of 1859, and on the 19th October, 1867, the trustees of the plaintiff passed a by-law as follows:

"*Resolved*, That no person shall willfully cut, mar, or otherwise injure, or cause to be injured, any shade tree planted or growing along the streets of the village of Lancaster, or hitch any horse or other animal thereto, under a penalty of five dollars."

On the 15th January, 1869, the defendant cut down, for his own convenience, two of the shade trees in front of his premises, and the plaintiff thereupon brought this action.

*Corlett & Tabor*, for the appellant, contended that the legislature had power to confer authority upon the trustees to enact the by-law, citing *Bank of Chenango* v. *Brown* (26 N. Y., 467); *Bank of Rome* v. *Village of Rome* (18 id., 38); that the passage of the by-law was conclusive upon the question of its expediency, citing *Stuyvesant* v. *The Mayor, &c., of New York* (7 Cow., 588); *Gozler* v. *The Corporation of Georgetown* (6 Wheat., 595); *Repulica* v. *Caldwell* (1 Dall., 150); *Martin* v. *Mott* (12 Wheat., 19); upon the question of the defendant's amenability to the by-law, as owner of the soil, they cited *Warren* v. *Leland* (2 Barb., 613); Thompson

The Village of Lancaster *v.* Richardson.

on Highways, 148; *Kavanagh* v. *City of Brooklyn* (38 Barb., 232); *The People* v. *The Town of Palatine* (53 id., 70); *Griffin* v. *Martin* (7 id., 297); *Hardenburgh* v. *Lockwood* (25 id., 9); *The People* v. *Kerr* (27 N. Y., 209); *Cumming* v. *Webster* (43 Maine, 582); *Mayor, &c., of New York* v. *Williams* (15 N. Y., 502); 1 R. S., 525, §§ 126, 127; *Walker* v. *Caywood* (31 N. Y., 51); *McDermott* v. *Board of Police* (5 Abb. Pr., 422, 432); *The Brick Church* v. *The Mayor, &c., of New York* (5 Cow., 538); *Cummings* v. *Webster* (43 Maine, 192); *Sherman* v. *Spencer* (1 N. Y. Leg. Obs., 192).

*N. A. Halbert*, for the respondent, cited 9 Barb., 152; 2 Seld., 92; 4 N. Y. Stat. at Large, 617; 2 Bouv. Law Dict., 632; 2 Bur. Law Dict., 175; 2 Greenl. Ev., § 453; 8 Law Reg., 349; Mason R., 115; 1 R. S., 525, § 127; Laws, 1853, chap. 573; *Bissell* v. *N. Y. Central R. R. Co.* (23 N. Y., 61); *Wager* v. *Troy Union R. R. Co.* (25 id., 526); Thompson on Highways, 33–35; 42 Barb., 469; 3 Kent Com., 432; *Sherman* v. *McKeon* (11 Tiff., 266); *Hammond* v. *McLachlan* (1 Sandf., 323); 4 Bac. Ab., 668, 669; *Adams* v. *Rivers* (11 Barb., 390, 393, 414); *Babcock* v. *Lamb* (1 Cow., 240); *Holladay* v. *Marsh* (3 Wend., 147); *Jackson* v. *Hathaway* (15 Johns., 453); 1 Cow., 88, note; *Tonawanda R. R. Co.* v. *Munger* (5 Div., 264); 6 Wharton, 26; 33 How. Pr. R., 40; 16 Mass., 36; 28 Conn., 167; Washburn on Easements and Servitudes, 214; 3 Kent Com., 433; 1 Stat. at Large, 485; 6 Mass. R., 455; 5 Comyn's Dig., 30; 25 Wend., 368; *Dunham* v. *Williams* (36 Barb., 136); Cooley's Const. Lim., 166, 532–544; 14 Conn., 146; *Ex parte Jennings* (6 Cow., 525); 34 Maine, 247; 25 Verm., 49; Sedgwick on Stat. and Const. Law, 520–524; *Williams* v. *N. Y. Central R. R. Co.* (16 N. Y., 97); *Craig* v. *R. C. & B. R. R. Co.* (39 id., 404); *Wager* v. *T. U. R. R. Co.* (25 id., 526); *Kelsey* v. *King* (33 How. Pr., R., 39).

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court — MULLIN, P. J.   This action was brought to recover a penalty of five dollars for violation of a by-law of the village of Lancaster, forbidding any person to willfully cut, mar, or otherwise injure, or cause to be injured, any shade trees planted along the streets and sidewalks of the said village.

The defendant owned the land on which the trees in ques tion were standing, and, deeming them to be too near together to admit of their growth without injury to each other, and apprehensive that they would injure his fences and endanger the health of his family, he cut down two of the said trees, whereby those remaining were left at about equal distances apart, and the dangers apprehended removed.   It was for this cutting the action was brought.

By section 48 of the charter of said village (Laws of 1859, chap. 320), the trustees are authorized to pass by-laws to pre- vent injury to, or the destruction of, shade trees planted along the streets and sidewalks of the said village, and to impose penalties therefor; but they were forbidden to impose a pen- alty for any act prohibited, and for doing which a penalty is prescribed, by the laws of this State.   (See § 47 of the same chapter.)

By chapter 573 of the Laws of 1853, it is provided that any person, who shall maliciously or wantonly destroy, injure or deface any ornamental tree, shrub or plant, whether situated on any private ground or on any street, shall be deemed guilty of a misdemeanor, and shall be punished by a fine or impris- onment, or both, and shall be liable to the party injured for five times the amount of the actual damage.

It is insisted by the defendant's counsel that this provision embraces all cases of injury to shade trees, and, therefore, the trustees of Lancaster had no power to pass the by-law in question.

It seems to me that a shade tree is an ornamental tree, within the meaning of the act of 1853; but the punishment, being a fine or imprisonment or both, is not a penalty, within the legal definition of that term.   A penalty is a sum of

money which the law exacts the payment of, by way of punishment for doing some act which is prohibited, or omitting to do some act which is required to be done.

A fine is a sum of money exacted of a person guilty of a misdemeanor or a crime, the amount of which may be fixed by law or left in the discretion of the court. Imprisonment is not, in any legal sense, a penalty.

If I am right in this, then no penalty has been imposed by any law of the State for destroying or injuring ornamental trees; and, hence, it was competent for the trustees of Lancaster to enact the by-law in question.

The only remaining question is, was it a violation of the by-law for defendant to cut down the trees?

Independently of the statute, trees standing in the streets or highway, the soil of which belongs to the adjacent owners, are the exclusive property of such owners, and they may remove them at pleasure.

When the land is taken for a highway, the public acquire the right to take such trees standing or being within the limits of the highway, for the making and repair of roads and bridges on such land. The value of such trees is presumed to enter into and form part of the damages to be paid the owner of the land so taken.

Without authority of the legislature, owners of land taken for highways would not be at liberty to plant shade trees therein, except at the hazard of their being removed or destroyed by the officers charged with the care of the highways, as dangerous to travelers, or as interfering with the use thereof by the public. To enable owners to plant shade trees freed from the risks of removal, it is provided by section 127 of the highway act that owners may plant such trees, upon highways, not less than three rods wide; and any persons injuring such trees are declared liable in damages to the owners.

I am unable to find any satisfactory provision that recognizes any interest in the public in such trees.

On the contrary, they all recognize the owner of the land as the owner of the trees, and that he is at liberty to deal with them as he deems proper.

A law that would place trees, planted for the purpose of ornament or shade in a public street or highway, under the care of the public officers charged with the care of the streets, and secure them against injury done by the owner or other person by proper penalties, would be a very wholesome and just exercise of legislative power.

There would be no injustice in treating the planting of trees in a street or highway as an appropriation of them to the public use for the purposes of ornament or shade, and prohibiting either the owner or the public officers from removing them without the consent of the other. But, until such legislation is provided, trees planted in the streets or highways must be deemed the property of the owner; and all by-laws passed for the protection of such trees can apply only to other persons. Before the public can assume to say that a man cannot cut down his own trees, they must have acquired an interest therein by purchase or by the right of eminent domain.

To prevent a man from using his property is virtually taking it from him, to a certain extent; and that cannot be done without compensation. The judgment must be affirmed.

Judgment affirmed.