EDDIE C. RODERICK, APPELLANT, *v.* JOHN B. WHITSON, RESPONDENT.

JOHN VANCE, APPELLANT, *v.* LEVI HADFIELD, RESPONDENT.

*Powers of trustees of a village, incorporated under chapter* 291 *of* 1870, *to pass by-laws — duty of a constable in the village, under chapter* 192 *of* 1885, *to arrest persons guilty of their violation — arrest of members of the Salvation Army.*

In October, 1886, the board of trustees of the village of Matteawan passed an ordinance which rendered it unlawful for any person to go about or remain in any of the streets or on sidewalks of the village beating any drum or tambourine, or making any noise with any instrument for any purpose whatever, without the written permission of the president of the village, under the penalty of five dollars for each offense. On December 20, 1887, the plaintiffs in these actions, who, with a number of other persons, were marching along Main street, in the village of Matteawan, beating a drum and a tambourine and playing upon other musical instruments, were arrested by a police constable without a warrant and taken to the office of the defendant Whitson, a justice of the peace of the town in which the village was located. The justice was not found and the plaintiffs were confined in the village jail until the next morning, when they were taken before the justice and tried and convicted for a violation of the village ordinance and sentenced to pay a fine of five dollars and stand committed to the common jail of the county until the fine was paid, not to exceed five days.

The plaintiff having been discharged on the same day on a writ of *habeas corpus*, the plaintiff Roderick brought an action for false imprisonment against the justice of the peace, and the plaintiff Vance brought a similar action against the police constable.

*Held,* that by section 291 of the Laws of 1870, under which law the village of Matteawan was incorporated, the trustees were invested with power to make the by-laws in question, and that it was competent for the legislature to confer

the power to do so upon the trustees, and that the ordinance had the same force and effect as a law passed by the legislature.

That the constable had the power, and it was his duty, under chapter 192 of 1885, to keep order in public places in the village; to arrest persons concerned in noisy assemblages who were breaking the peace or violating the charter, or the by-laws or ordinances of the village, and convey them forthwith before the proper authority to be dealt with according to law, and keep and restrain such persons in custody until committed or discharged.

That the statute contemplated a criminal proceeding against persons who violated the ordinance in question.

APPEALS from judgments entered in the above-entitled actions, after a trial had at the Dutchess County Circuit, held on the first Monday of October, 1888, in the office of the clerk of Dutchess county on October 1, 1888, dismissing the complaint in each action. These actions were brought to recover damages for false imprisonment. On the 21st day of December, 1887, the plaintiffs, who belonged to what is called the Salvation Army, with others, were marching on Main street, in the village of Matteawan, about eight o'clock in the evening, when they, with others, were arrested by the defendant Hadfield and placed in the lock-up in said village and kept there until the next morning, when they were taken before the defendant Whitson, who was a justice of the peace.

*H. H. Hustis,* for the appellants.

*Samuel K. Phillips,* for the respondents.

DYKMAN, J.:

The village of Matteawan, in Dutchess county, is a municipal corporation, organized under the general law of the State of New York for the incorporation of villages, passed in 1870.

In October, 1886, the board of trustees of the village passed an ordinance of the village which rendered it unlawful for any person to go about or remain in any of the streets or sidewalks of the village beating any drum or tambourine, or making any noise with any instrument for any purpose whatever without the written permission of the president of the village, under a penalty of five dollars for each offense.

On the 20th day of December, 1887, the plaintiffs in these actions, with a number of other persons, were marching along Main street, in

the village of Matteawan, beating a drum and a tambourine, which is a small drum, and playing upon other musical instruments, and they were arrested by a police constable while so engaged in the violation of an ordinance, without a warrant, and taken to the office of the defend. ant Whitson, who was a justice of the peace of the town where the village is located. The justice was not found, and the plaintiffs were confined in the village jail until the next morning, when they were taken before the justice and tried and convicted for a violation of the village ordinance, and sentenced to pay a fine of five dollars and stand committed to the common jail of the county until the fine was paid, not to exceed five days. The plaintiffs were committed to the jail and discharged the same day by the county judge of Dutchess county upon a writ of *habeas corpus.* Thereupon the plaintiff Roderick brought an action for false imprisonment against the justice of the peace, and the plaintiff Vance brought the same kind of action against the police constable. The complaints in both actions were dismissed, and there was a stipulation that the decision in one case should control the other, and so the plaintiff Roderick appealed from the judgment in his case.

As the case is presented to us the justification of the defendants for the arrest and imprisonment of the plaintiffs must be found in the charter and by-laws of the village of Matteawan, and we must ascertain whether they are sufficient for their protection. By the provisions of chapter 291 of the Laws of 1870, which is the general law under which the village of Matteawan was incorporated, the trustees are invested with power to make ordinances and by-laws for the preservation of the public peace and order, and to regulate and prevent any act, amusement or practice endangering property or person on the streets, sidewalks or public grounds, and for the apprehension and punishment of persons unnecessarily congregating upon the sidewalks or corners. (Tit. 3, § 3, subds. 2, 4, 14.) These statutory provisions are sufficiently comprehensive to justify the passage of the ordinance under which the defendants proceeded, and the ordinance was broad enough to include and prohibit the conduct for which the plaintiffs were arrested.

It was also competent for the legislature to delegate to the municipal corporations the power to make such a by-law, and it has the same force and effect as a law passed by the legislature.

(Dillon on Municipal Corporations, § 245.) As regards the police constable, he had the power, and it was his duty to keep order in public places in the village, to arrest persons concerned in noisy assemblages, or who were breaking the peace or violating the charter or by-laws or ordinances of the village, and convey them forthwith before the proper authority, to be dealt with according to law, and keep and retain such persons in custody until committed or discharged. (Laws of 1885, chap. 192.) And where such offenses were committed in his presence, he possessed the power to make such arrests without warrant. The appellant challenges the proceedings before the magistrate, but the record before us discloses no irregularity; but if he acquired jurisdiction in the first instance, as we have seen he did, his subsequent acts were judicial, and he cannot be made answerable in damages therefor. We think, however, that the statute contemplates a criminal proceeding against persons who violate the ordinance in question. By chapter 385 of the Laws of 1875, when any person is arrested by a policeman, without process, under the general act of 1870 for the incorporation of villages, and such person is brought before the justice of the peace, such magistrate must proceed forthwith to hear, try and determine the complaint or charge upon which such person was so arrested; and such person must, upon conviction by the justice, be fined by such magistrate in accordance with any ordinance or by-law of the village for the punishment of such offense, and imprisoned in the county jail until such fine is paid, not exceeding ten days.

Our conclusion, therefore, is that the proceedings of the constable and the magistrate were fully justified, and that the complaints were properly dismissed.

The judgment in both cases should be affirmed, with costs.

Barnard, P. J., and Pratt, J., concurred.

Judgment affirmed, with costs.