(16 Misc. Rep. 634.)

### FULLER v. REDDING.

(Supreme Court, Trial Term, Otsego County. January, 1896.)

1. MUNICIPAL CORPORATIONS—ORDINANCES—PENALTY FOR VIOLATING.
    A city ordinance prohibiting persons from riding bicycles on sidewalks, "under a penalty" of one dollar, does not authorize the arrest and criminal prosecution of a person for violating the ordinance.

2. SAME—WHEN ARREST MAY BE MADE.
    Laws 1870, c. 291, as amended in 1875 and 1885, known as the "General Village Act," which gives a police constable the right to arrest a person while in the act of violating a village ordinance, does not authorize an arrest on a warrant issued long after the violation of such ordinance. Roderick v. Whitson, 4 N. Y. Supp. 112, 51 Hun, 620, distinguished.

3. SAME—RIDING BICYCLE ON SIDEWALK—INFORMATION.
    Pen. Code, § 652, providing that a person who "willfully and without authority" drives any vehicle on a sidewalk is punishable, etc., does not authorize the arrest of a person for riding a bicycle on a sidewalk, where neither the information, deposition, nor warrant avers that such person willfully and unlawfully did the act complained of.

4. FALSE IMPRISONMENT—DAMAGES.
    In an action for the unlawful and malicious arrest of plaintiff, the motive of defendant is a proper subject of investigation, in order to enable the jury to pass on the question of exemplary damages.

**5. Same.**
　　In such case the motive of plaintiff in committing the wrongful act charged is immaterial.

**6. Same.**
　　In an action for malicious arrest for violating a village ordinance, plaintiff will not be denied exemplary damages because, several days before, she did an act for which she would be liable to the city in a civil action.

**7. Same—Excessive Damages.**
　　A verdict of $600 for an unlawful and malicious arrest of a woman for riding a bicycle on a sidewalk in violation of a city ordinance is not so large as to evince passion or prejudice, or show that it is the result of a mistaken or improper view of the evidence.

Action by Ruzilla Fuller against Thomas Redding for malicious prosecution, in which there was a verdict for plaintiff. Defendant moves, on the minutes of the judge, to set aside the verdict, and for a new trial on exceptions, and because the verdict is excessive, etc. Denied.

Tilley Blakely, for plaintiff.
Gibbs & Wilbur, for defendant.

MATTICE, J. The jury rendered a verdict of $600 in favor of the plaintiff, for being falsely imprisoned and unlawfully restrained of her liberty by the defendant. The jury were directed to render a verdict for plaintiff, and were required to assess her damages. The inference most favorable to the defendant, drawn from the evidence, required such direction.

The village of Otego, a municipal corporation created under the general village act, had, by its board of trustees, passed an ordinance which, in effect, prohibited all persons from riding bicycles upon sidewalks, under a penalty of one dollar. I am not entirely satisfied that the ordinance was legally adopted and had any binding force whatever, yet I do not pass upon that question, but assume, for the purposes of this motion, that it was legally adopted. About seven days after the plaintiff had been riding her wheel upon the sidewalk, the defendant procured from a justice of the peace having jurisdiction to issue process for the apprehension of persons committing crimes in the village of Otego a warrant for the arrest of the plaintiff, placed it in the hands of the peace officer, and directed him to arrest the plaintiff. The officer arrested the plaintiff, and took her before the justice, where bail was furnished, and the hearing adjourned. Upon the adjourned day the defendant withdrew the charge, and the justice discharged the plaintiff.

A criminal prosecution was not contemplated by the adoption of the ordinance. It will be observed the word "penalty" only is used: "All persons are forbidden under penalty of one dollar," etc. It is true that a penalty, like a fine, is a pecuniary punishment inflicted by the law for its violation, yet there is a marked distinction which is recognized by the courts. A penalty is that which is demanded for the violation of a statute, which may or may not be a crime. A fine is a punishment for the commission of a crime. Crimes, except the gravest, can only be punished by fine or imprisonment. A pen-

alty is not in any legal sense a fine. The distinction was recognized in Village of Lancaster v. Richardson, 4 Lans. 136, where it was held that a statute making it a misdemeanor, punishable by fine or imprisonment, to destroy ornamental trees, was in no legal sense one for the infliction of a penalty. Indeed, nearly all of our statutes giving a penalty for doing a prohibited act preserve the distinction by providing that the penalty may be recovered in a civil action, while the crime, if it be so declared, must be punished by the infliction of a fine or imprisonment after conviction in a criminal action.

Chapter 291 of the Laws of 1870, as amended in 1875, and again in 1885, known as the "General Village Act," gives a police constable the right to arrest a person while in the act of violating a village ordinance. This right to arrest cannot be extended by implication in order to authorize an arrest upon a warrant issued long after the violation. Under well-settled rules of construction, statutes of this kind are to be strictly read, and cannot be extended by implication, where the liberty of a citizen is involved. If a violation of this ordinance were a misdemeanor, any one would have the right to arrest a person while in the act of violating it, independent of the provision referred to, which would, in such case, be an idle one. The provision was doubtless intended to enable a police constable to restrain the person from violating the ordinance, by apprehending him while in the act. As was said by Justice Smith on the former trial, "the same reason does not follow and does not apply to an arrest made after the violation has ceased." This question was not before the court in Roderick v. Whitson, 51 Hun, 620, 4 N. Y. Supp. 112, and cannot be regarded as having been settled by the decision in that case. Neither can the warrant be upheld under section 652 of the Penal Code,[1] for it is not averred in either the information, deposition, or warrant that the plaintiff willfully and unlawfully did the act complained of. Hewitt v. Newburger, 141 N. Y. 538, 36 N. E. 593; Wass v. Stephens, 128 N. Y. 128, 28 N. E. 21. It follows that the justice was without jurisdiction, and the warrant and proceedings under it were void. After the warrant was issued, the defendant, by participating in the acts which led to the arrest of the plaintiff, became liable.

No error was committed in the reception or rejection of evidence which requires a new trial. Much of the evidence complained of bore legitimately upon the motive of the defendant in causing the arrest of the plaintiff. The motive of a defendant, in this class of cases, is a proper subject of investigation, in order to enable the jury to pass upon the question of exemplary damages. While it is true that a trespasser upon lands cannot recover punitive damages for the use of excessive force by the owner who has the right to remove him, except, perhaps, when the owner takes advantage of his right to eject, and inflicts a wanton and malicious assault (Kiff v. v. Youmans, 86 N. Y. 324–329), yet the case under consideration is

---

[1] Pen. Code, § 652, provides as follows: "A person who willfully and without authority drives any team, vehicle, cattle, sheep, horse, swine, or other animals along upon a sidewalk is punishable by a fine of $50, or imprisonment in the county jail not exceeding 30 days, or by both."

easily distinguishable. Here the defendant was not engaged in a lawful act, but was a wrongdoer from the beginning. The case last above cited was decided upon the theory that the plaintiff was a wrongdoer at the time, and the defendant was engaged in the lawful act of ejecting him, and that the motives of one engaged in a lawful act, although excessive force was used, could not be made the basis of vindictive damages. In other words, a person may exercise a legal right, no matter how much he may be inspired by ill will, malice, or hatred. In the case at bar, as before stated, the defendant was engaged in a wrongful act, and his motives become material. Nor is the plaintiff to be denied the right to recover exemplary damages because, several days before, she did an act for which she would be liable to the village of Otego in a civil action. To hold otherwise would be to hold that a person who had become liable to another in a civil action might be falsely imprisoned upon such charge by a stranger, and then limited to compensatory damages, no matter how evil may have been the motive that inspired the imprisonment. The defendant also insists that it was error to exclude the answer of the plaintiff to the question, "You had stated, had you not, that you would ride on the sidewalk, in defiance of the ordinance, whenever you saw fit?" The arrest being unlawful, the motive of the plaintiff in riding upon the walk was of no importance. It did not affect her right to compensatory damages, and it was not competent to go before the jury upon the question of punitive damages, unless it was shown that the remark had come to the defendant's ears before he caused plaintiff's arrest. Punitive damages are awarded to punish a defendant for his evil intent and motive in doing an unlawful act. It would be absurd to claim that the defendant's motive was in the least affected by a remark he knew not of. For similar reasons, in actions of libel and slander that class of evidence is not received in mitigation, unless it is shown that the defendant had not only heard the rumors, reports, or words, but actually believed them. Moreover, the defendant did not question the correctness of the ruling upon the trial, and he cannot now avail himself of an exception which he did not take. After a careful examination of the testimony, I am satisfied that there was some evidence tending to show that the defendant was actuated by evil intent or malice, and sufficient to require its submission to the jury, upon the question of exemplary damages. A smaller verdict would have been more satisfactory, yet it is not so large that it evinces passion or prejudice on the part of the jury, or was the result of a mistaken or improper view of the evidence. It cannot be said, as a matter of law, that the amount discredits the verdict.

The motion for a new trial should be denied.