(13 App. Div. 61.)

FULLER v. REDDING.

(Supreme Court, Appellate Division, Third Department. January 12, 1897.)

1. FALSE IMPRISONMENT—PROOF OF MALICE—PLAINTIFF'S MOTIVES.

Evidence that the reason plaintiff rode her bicycle on the sidewalk was that the street was obstructed is not admissible to show malice on the part of one who caused her arrest for so doing, in an action against him for unlawful and malicious arrest, because the obstruction of the street did not justify plaintiff in riding on the sidewalk in violation of an ordinance.

2. SAME—PREVIOUS CONDUCT OF DEFENDANT.

Plaintiff cannot show, in an action for unlawful and malicious arrest for violating an ordinance, that, several weeks before the arrest, defendant, who was a trustee of the village, told a police officer to watch plaintiff and two others, and arrest them if they violated the ordinance, since such evidence shows only a proper effort by defendant to enforce the ordinance.

Appeal from trial term, Otsego county.

Action by Ruzilla Fuller against Thomas Redding for false imprisonment and malicious prosecution. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial (39 N. Y. Supp. 109), defendant appeals. Reversed.

This action was brought by Ruzilla Fuller against the defendant to recover damages for false imprisonment in procuring her arrest on the 7th day of June, 1895, for riding upon a bicycle on a sidewalk in the village of Otego on the 1st day of June, 1895, in violation of the provisions of an ordinance of said village. The ordinance in question, as published and posted, was as follows:

"Notice is hereby given that the following ordinance was adopted by the board of trustees of the village of Otego, September 15, 1893, and amended March 13, 1895:

"Sec. 54. All persons are forbidden under penalty of one dollar for each and every offense for riding bicycles on the sidewalks within the limits of the village of Otego.

"Dated Otego, N. Y., April 13th, 1895."

It was conceded that the plaintiff did ride upon a sidewalk in the village of Otego, as charged by the defendant; but the trial judge determined that a violation of the ordinance above set out was not a misdemeanor, and that, a penalty being prescribed by the ordinance for the wrongful act of the plaintiff, the remedy was by action, and not by a criminal proceeding. He therefore held that the plaintiff was entitled to recover, submitting to the jury the question of damages. The plaintiff recovered $600, besides costs. After the entry of judgment the plaintiff died, and Vincent S. Fuller, her administrator, was substituted as plaintiff.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Gibbs & Wilbur (A. R. Gibbs, of counsel), for appellant.
Tilley Blakely, for respondent.

PUTNAM, J. Assuming that the holding of the trial judge that it was not a misdemeanor to ride on a sidewalk on a bicycle in the village of Otego, in violation of section 54 of the village ordinance, was correct, we are of the opinion that a new trial should be granted, in consequence of the receipt of evidence objected to by the defendant, and which may have affected the verdict of the jury as to damages. The charge made by the defendant against the deceased was the riding on a bicycle on the sidewalk on Main street in the village of Otego, near the residence of Seth Fancher, on the 1st day of June, 1895. The charge was admitted to be true, but the act admitted, although wrongful, was not, under the ruling of the court below, a misdemeanor, and hence the arrest and imprisonment of the deceased was wrongful. On the trial the plaintiff was suffered to show that, at the time in question (June 1, 1895), Main street, in the village of Otego, was obstructed, and that, when she rode on the sidewalk, she was compelled to go thereon by approaching teams. This evidence was not material to the issues in the case. It may have affected the verdict as to damages, and we think the objection of the defendant thereto should have been sustained. Such evidence could only be competent on the question of the motive or reason of the plaintiff for going on the sidewalk at the time in question. It was apparently received with that view. On the

43 N.Y.S.—7

trial the following question was asked of Ruzilla Fuller when a witness, and the following ruling made by the court:

"Q. Why did you enter upon the sidewalk upon your wheel at the point where you did that day? (Objected to. * * *) The Court: You went into that, didn't you? Defendant's Counsel: Suppose she did; she had no right to ride on the sidewalk, anyway. The Court: But she can explain the reason she rode on it. (Exception by defendant's counsel.) The Court: She had a right to enter on the sidewalk in case of danger. So far as appears now, she had a perfect right to ride on the sidewalk."

In his opinion on the motion for a new trial, the learned trial judge, however (we think, properly), held:

"The arrest being unlawful, the motive of the plaintiff in riding upon the walk was of no importance."

It is urged, however, that the evidence in question was admissible as characterizing the motive of the defendant in causing the arrest of the accused on the question of damages. It is difficult to see how this position can be sustained. Although defendant may have been presumed to know of the rough and obstructed condition of Main street at the time in question, there is no evidence in the case to show that he knew that accused turned onto the sidewalk in consequence of meeting teams. Unless he knew that fact, the evidence in question did not in any way bear on his motive. But, if otherwise, the act of the accused in riding her bicycle on the sidewalk was not justified by the rough condition of the street, or because she met teams. The village ordinance did not prevent her going onto the sidewalk with her bicycle, but merely prohibited her riding on the sidewalk. If the street was obstructed, with teams or otherwise, she had the right to alight and walk on the sidewalk with her bicycle. Had the violation of the village ordinance in question been a misdemeanor, the fact that she rode onto the sidewalk in consequence of meeting teams would not have excused her. The obstruction in the street did not justify her willful violation of the village ordinance. It was within her power to have alighted with her bicycle and walked past the obstructed part of the street. Hence, the evidence thus objected to should not have been received, as indicating the motive of the defendant, or otherwise. The act of the accused in riding her bicycle on the sidewalk appears to have been an unnecessary, willful, and wrongful violation of the village ordinance, although not a misdemeanor. In consequence of this evidence being received, the jury were allowed to find that, in consequence of the highway being obstructed at the time and place in question, the accused was justified in riding on her bicycle on the sidewalk, and that this fact was known to the defendant, and to consider such evidence as bearing on the motive of the defendant in causing the arrest of the accused.

The plaintiff, also, on the trial, was allowed to prove a conversation between the defendant and Stillwell, a police officer, several weeks before the arrest in question, in which the former directed the latter to watch the deceased and two other women, and to arrest them if found riding on the sidewalk. We think the objection to this evidence was well taken. The defendant was a trustee of the

village of Otego, and Stillwell was a police officer. It is not claimed that, if the accused had been found in the act of riding her bicycle on the sidewalk, she could not have at the time been lawfully arrested. It was not in any sense improper or wrongful for the defendant to strive to enforce the village ordinance in question. In fact, it was his duty to do so. It is difficult to see upon what ground his act in endeavoring to enforce the observance of the ordinance could be used against him on the trial of this action. His direction to the officer did not indicate any ill will or malice towards Mrs. Fuller, as he mentioned two other parties at the same time. It simply indicated his desire as a trustee of the village of Otego to enforce the observance of one of its ordinances.

There may be some doubt as to whether the testimony taken below, fairly construed, indicated malice or ill will on the part of the defendant towards the accused, or anything save the desire on his part as a public officer to enforce a legal ordinance of the village of Otego, and to that end to make an example of some prominent person disobeying the ordinance in question, and hence whether the damages were not excessive.

Without determining this question, however, and for the reasons above stated, the judgment should be reversed, and a new trial granted, costs to abide the event.

PARKER, P. J., and HERRICK and MERWIN, JJ., concur.

LANDON, J. I think the magistrate had the right to issue the warrant upon the information of the defendant, and therefore the motion for nonsuit should have been granted, and I therefore concur in reversal.