## Suffolk County Court.

April, 1897.

### PEOPLE v. JOSEPH GARABED.

**1. MUNICIPAL CORPORATIONS—ORDINANCES—FINES.**

A village ordinance, imposing only a penalty for violations, may be enforced by criminal proceedings.

**2. SAME—WARRANT.**

In such case, it is not necessary that the warrant for information allege that defendant had willfully and unlawfully done the act complained of.

**3. SAME—IMPRISONMENT.**

In such case, § 484 of the Code of Criminal Procedure does not apply.

**4. SAME—CONSTITUTIONALITY.**

An ordiance, forbidding any person to beat a drum or tambourine in the streets or make any noise with any instrument for any purpose whatever, without the written permission of the president of the village, is constitutional.

Joseph Garabed was convicted of violating a village ordinance, and from the judgment of conviction he appeals.

Leroy E. Raynor, for appellant.

Charles R. Lyon, Arington H. Carman, and Walter H. Jaycox, Dist. Atty., for respondents.

REEVE, J.—The defendant, Joseph Garabed, was, on the 25th day of November, 1896, arrested under a warrant, upon the application of the authorities of the village of Greenport, N. Y., charged with the violation of a village ordinance, which reads substantially as follows:

" All person or persons are prohibited to go about or remain on any streets or sidewalks in said village, beating any drum or tambourine, or making any noise with any instrument for any purpose whatever, without the written permission of the president of the village. Any person violating this ordinance shall be subject to penalty of five dollars for each offense."

The information upon which the warrant was based states that the alleged violation occurred on November 23, 1896, and therefore two days elapsed between the alleged violation and the arrest under the warrant. After several adjournments the defendant was duly tried, and on December 1st adjudged guilty by the justice, and fined $5, in default of which he was committed to the county jail for a term not to exceed 10 days. The defendant was duly allowed an appeal to this court. A careful reading of the evidence shows that the ordinance in question was openly, flagrantly, and defiantly violated by the defendant, and no question is raised by the attorney for the appellant in any way denying that the ordinance was legally passed, and duly posted and published, according to the statute in such cases made and provided. It is conceded that the village of Greenport is incorporated under the general village act passed in 1870. We will take up and consider the reasons assigned by the defendant's counsel for a reversal of the judgment in the order in which they were presented in the argument.

It is first claimed by the defendant that village ordinances imposing only a penalty for violation cannot be enforced by criminal proceedings. To sustain this proposition, the case of Fuller v. Redding, reported in 16 Misc. Rep. 634, 39 N. Y. Supp. 109, is cited. In this case the defendant was arrested under a warrant six days after the alleged violation for riding upon a bicycle upon the sidewalk in the village of Otego, in this state. An ordinance had been duly passed by the village trustees, prohibiting the riding upon the sidewalks by any persons under penalty of one dollar. The

defendant was discharged as the complainant withdraw the charge. Thereupon the defendant commenced a suit for damages for false imprisonment, and obtained a verdict of $600. Thereupon a motion for a new trial was made at a special term, and the motion was denied, the court holding that the arrest was without authority of the law, as a criminal prosecution was not contemplated by the adoption of the ordinance, and that the suit should have been brought by a summons and an action for the penalty instead of an arrest under the warrant. This decision has been reversed by the appellate division in the third department, but upon other grounds than those stated above. All the court concurred in the reversal, and Justice Landon says, in speaking of the case in question, "I think the magistrate had the right to issue the warrant upon the information of the defendant;" thus intimating that the learned justice at special term was wrong in his decision upon the motion for a new trial. After a careful examination of the decision at special term in Fuller v. Redding, 16 Misc. Rep. 634, 39 N. Y. Supp. 109, and the decision in the appellate division, reported in 13 App. Div. 65, 43 N. Y. Supp. 96, I have come to the conclusion that the decision at special term should be overruled, and that the remarks made by Judge Landon in the opinion in the appellate division are correct. In the case of People v. Van Houten, 13 Misc. Rep. 603, 35 N. Y. Supp. 186, Judge Tompkins writes a very able opinion upon this question, and, after citing section 7 of title 8, General Village Laws of 1870, and which reads as follows: "The first process in any suit brought by the village for a penalty under this act, or a rule, by-law or ordinance adopted by the board of trustees in pursuance of said act, shall be by summons or warrant," says: "This section, then, expressly authorizes the use of a warrant as the first process in a proceeding to enforce any village ordinance adopted pursuant to the statute, and a warrant is always suggestive of a criminal proceeding." While the case of People v. Van Houten is not practically in point in this case (in that case the defendant was arrested by the officer without a warrant), nevertheless, if a criminal case may be instituted by arrest without a warrant, when the violator is caught in the act, there is no reason why, under the statute above quoted, a violator cannot be arrested with a warrant, even though the offense occurred

several days previous. Proceedings brought to punish for violation of village ordinances are, in their nature, summary, and if a suit had to be brought with a summons there would be necessary delay, and, if no arrest could be made under a warrant, if the violator did not care to remain around for the tedious delay of a suit with the summons for a penalty, he would have plenty of time to escape. I am of the opinion that the statute contemplates a choice of three proceedings: First, the arrest of the violator if caught in the act by a public officer; second, the arrest of the violator under a warrant duly instituted in a regular criminal proceeding; and, third, a suit in an action brought for the penalty. The case of Roderick v. Whitson (Sup.) 4 N. Y. Supp. 112, decided by the general term of the supreme court of this department, expressly held that a village incorporated under the general village law of 1870 had power to adopt ordinances, that the police constable had power to arrest for a violation of them, either with or without a warrant, and that the justice thereupon acquired jurisdiction forthwith to hear, try, and determine the complaint or charge upon which such person was arrested, etc. Mr. Justice Dykman, writing the opinion of the court, says, " We think the statute contemplates a criminal proceeding against persons who violate the ordinance in question." In that case the ordinance of the village forbids any person to go about or remain in any streets or sidewalks of the village of Matteawan, beating any drum or tambourine, etc., without premission of the village president, and for a violation thereof a penalty of five dollars was imposed. The power of the trustees of the village of Matteawan was derived from the same source as that under which the Greenport trustees acted in adopting the ordinance in question, so that the decision in that case is applicable to this case, controlling and binding the opinion of this court. It is also competent for the legislature to delegate to municipal corporations the power to make such a by-law, and it has the same force and validity as a law passed by the legislature. Dill. Mun. Corp. § 245. It is true that in the Matteawan case the arrest was without a warrant, but, nevertheless, if the village had power to institute a criminal proceeding under an arrest made without a warrant, it must follow, as a natural conclusion, that the village authorities may institute a criminal proceeding, and arrest under a warrant, and in this case,

as cited above, and here repeated, that statute expressly says "that the first process in any suit brought by the village for a penalty under an ordinance adopted by the board of trustees may be either by a summons or warrant." Laws 1870, c. 291, tit. 8, § 7.

The second point presented by the appellant is that, in the case at bar, neither the warrant nor the information alleged that the defendant had willfully and unlawfully done the act complained of. I am of the opinion that it was not necessary to state in the information or warrant that the offense was committed willfully or unlawfully, as the defendant was charged with neither a felony nor a misdemeanor. It is true that a village board of trustees cannot create or define crimes, and that the legislature alone has power to constitute acts or omissions as criminal offenses; but the trustees certainly have power to pass ordinances such as the ordinance in question, and, as the defendant was arrested for a violation of an ordinance, and not for an alleged crime or misdemeanor, I am of the opinion that both the information and the warrant are correct in this case.

The third point raised by the appellant is that the commitment was void, the defendant claiming that under section 484 of the Code of Criminal Procedure the imprisonment of the defendant cannot exceed one day for every dollar of the fine. I do not think this section applies in the case at bar. The defendant, having been fined the extent of the penalty, viz. five dollars, is punishable under chapter 385, § 1, Laws 1875, and which provides that when a person is arrested without a warrant, and brought before a justice of the peace for the violation of the ordinance, the "magistrate shall proceed forthwith to hear, try and determine the complaint or charge on which such person is so arrested, and such person shall, upon conviction by the justice, be fined by said magistrate in accordance with any ordinance or by-law of the village,    *    *    *   and imprisonment in the county jail until such fine be paid, not exceeding ten days."

The fourth question raised by the defendant is that the village ordinance in question, under which the defendant was arrested, is unconstitutional. I fail to see, under the cases cited by the learned counsel for the appellant, wherein there is any unconstitutionality

in the ordinance in question. The cases above cited of People v. Van Houten and Roderick v. Whitson both hold that such ordinances are constitutional. The ordinance in question operated equally upon all the inhabitants of the village. It prohibited every one, and made no distinction between persons. Therefore, the case of Mayor, etc., v. Thorne, 7 Paige, 261, cited by the appellant, does not apply. The judgment of conviction is, therefore, affirmed.

Judgment affirmed.