(98 App. Div. 450)

## PEOPLE ex rel. KANE v. SLOAN.

(Supreme Court, Appellate Division, Fourth Department. November 23, 1904.)

1. MUNICIPAL CORPORATIONS—ORDINANCES—BREACH OF THE PEACE—PUNISHMENT.

An ordinance of the city of Buffalo (Ordinances, c. 9, § 30) provides that every person who shall be convicted of disorderly conduct shall forfeit a penalty of not less than $2 or more than $100, etc. The section originally provided that every person convicted of a violation of the provisions of the chapter should be fined not less than $2, and on failure to pay might be committed to penitentiary, and it was held by the Supreme Court that such conviction contemplated a criminal proceeding. *Held*, that the present ordinance does not intend that a violation of it should be punishable by a criminal proceeding, but merely that the penalty should be recovered in a civil action.

2. SAME—FINES—COURT OF SPECIAL SESSIONS—LIMITATION ON FINES.

Under Code Crim. Proc. § 717, relative to Courts of Special Sessions, providing that when the defendant pleads guilty or is convicted the court must render judgment thereon of fine or imprisonment, or both, but the fine cannot exceed $50 nor the imprisonment six months, a Court of Special Sessions of the city has no authority to impose a fine for a greater amount than specified.

Hiscock and Stover, JJ., dissenting.

Appeal from Special Term, Erie County.

Habeas corpus on the relation of Daniel Kane in behalf of John Cronin against Alexander H. Sloan, etc., to secure Cronin's release from custody. From an order discharging said Cronin the people appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

William S. Jackson, for the People.
Charles W. Sickmon, for respondent.

McLENNAN, P. J. The defendant was convicted by a Court of Special Sessions held by one of the justices of the peace of the city of Buffalo of the crime of disorderly conduct as defined by sections 5 and 8 of chapter 9 of the ordinances of said city, viz., for having made "a noise and disturbance at the house No. 1 Letchworth street in said city," and for having "used profane and obscene language in No. 1 Letchworth street, in violation of section eight of chapter 9 of the ordinances of said city." Upon such conviction the defendant was sentenced to pay "a fine of one hundred dollars, and in default of payment thereof that the said defendant be confined in the Erie County Peniten-

tiary at Buffalo, N. Y., for the term of one day for each and every dol-- lar of said fine not exceeding six months, unless it shall be sooner paid." The fine was not paid, and the defendant was confined in the penitentiary as directed by said judgment. A writ of habeas corpus was allowed by the County Court of Erie county for the purpose of inquiring into the cause of the imprisonment of the defendant, and upon its return he was discharged on the ground "of want of jurisdiction on the part of the court in which he was tried, in that the violation of the ordinance charged against the said John Cronin could not be prosecuted as and for a criminal offense, but by civil action only; and in that said court in which said John Cronin was tried could not impose a' fine in excess of $50, and that, therefore, the imposition of the fine of $100 was without authority, and void." An order was entered accordingly on the 25th day of May, 1904, and from it this appeal is taken.

It seems to me that the determination of the learned county judge is correct on each proposition, and that the order should be affirmed. Sections 5 and 8 of chapter 9 of the ordinances of the city of Buffalo, referred to, include the offenses alleged to have been committed by the defendant and for which he was tried, found guilty, and sentenced, as above stated. It is conceded that such acts constituted disorderly conduct as defined by such ordinances. Section 30 of chapter 9 provides:

"Every person who shall be convicted of the doing or commission of any of the acts prohibited in the foregoing provisions of this chapter [which include sections 5 and 8] shall forfeit a penalty of not less than two dollars nor more than one hundred dollars, unless a different penalty is specifically prescribed."

It is under the foregoing section that the defendant was tried and convicted, and which, it is claimed, authorized the justice of the peace so to do, and to sentence him to pay a fine of $100, and in default of payment to be confined in the Erie County Penitentiary. It will be observed that the section does not provide that a person violating the ordinance referred to may be sentenced to pay a fine, but only that he shall forfeit a penalty; not that he may be convicted of having committed a crime, but of the doing of the acts prohibited. A person who violates the ordinance is not to be sentenced as for the commission of a crime, but simply forfeits a certain sum, to be fixed by the justice, not exceeding $100. The language of the section is plain, is not ambiguous, and should be given its ordinary and natural meaning. I know of no instance where it has been held by any court that the payment of a forfeited penalty may be enforced by a sentence imposed as a punishment for the commission of a crime. It is elementary that the ordinance, being in the nature of a statute which is penal in its character, must be construed most favorably to the individual. "Statutes creating penalties are to be strictly construed." Hasbrook v. Paddock, 1 Barb. 635; Palm v. N. Y., N. H. & H. R. R. Co. (Super. Ct.) 17 N. Y. Supp. 471; Hall v. Sigel, 13 Abb. Prac. (N. S.) 178. The penalty forfeited may be recovered in a civil action. Its payment cannot be enforced by denominating it a fine—as the measure of punishment imposed for the commission of a crime. Payment cannot be enforced by a criminal prosecution. "A penalty is a sum of money

which the law exacts the payment of by way of punishment for doing some act which is prohibited, or omitting to do some act which is required to be done. The imposition of a fine or imprisonment is not in any legal sense a penalty." Village of Lancaster v. Richardson, 4 Lans. 136. Where a statute or ordinance imposes a penalty, unless special modes are prescribed, the sums must be collected by an action at law. Such action is a civil action. City of Buffalo v. Schliefer, 25 Hun, 275. In that case the headnote is as follows:

"A proceeding instituted in a justice's court by a suit to recover the penalty imposed for a violation of such ordinance is a civil action."

And it was held in that case that a proceeding instituted by the city to recover the penalty imposed for a violation of its ordinance must be by civil action. See, also, Wood v. City of Brooklyn, 14 Barb. 425. The law is very correctly stated in Fuller v. Redding, 16 Misc. Rep. 634, 39 N. Y. Supp. 109, a case decided at Special Term:

"A criminal prosecution was not contemplated by the adoption of the ordinance. It will be observed the word 'penalty' only is used. 'All persons are forbidden under penalty of one dollar,' etc. It is true that a penalty, like a fine, is a pecuniary punishment inflicted by the law for its violation, yet there is a marked distinction which is recognized by the courts. A penalty is that which is demanded for the violation of a statute which may or may not be a crime. Crimes, except the gravest, can only be punished by fine or imprisonment. A penalty is not in any legal sense a fine."

The charter of the city of Buffalo makes ample provision for the collection of a "penalty" such as is prescribed in the ordinance in question. An action for its recovery may be brought in the Municipal Court. If judgment is recovered, a body execution may issue immediately. That it was the intent of the city of Buffalo that the penalties prescribed in chapter 9 of the ordinances should only be recoverable in a civil action is made apparent by the change which was made in section 30 of the chapter. Prior to March, 1903, it read:

"Every person who shall be convicted of a violation of any of the provisions of this chapter shall be fined not less than two dollars nor more than one hundred dollars, and in case the person convicted of such violation shall not immediately pay such fine, he or she may be committed to the Erie County Penitentiary for the term of one day for each and every dollar of such fine not paid."

That section, as it then existed, was construed by this court at the March, 1903, term, in the case of City of Buffalo v. Preston, 81 App. Div. 480, 80 N. Y. Supp. 851. It was held that such ordinance contemplated that the conviction thereunder should be in a criminal proceeding, and not in a civil action. It was then contended on behalf of the city that under the ordinance as it then was it did not authorize a criminal prosecution for the violation of the ordinance in question, but that the only way to punish such violation was by civil action. This court having decided against such contention, the city changed section 30 of the ordinances to its present form, and we may assume that such change was made by the city for the purpose of obviating the effect of the decision of this court in the Preston Case, supra, and to enable it to recover in a civil action penalties which might be imposed for the violation of the ordinances specified in chapter 9; and it seems to me that such purpose was most effectually accomplished. The words

"fined" and "fine" were eliminated from the section wherever they appeared, and the words "forfeit a penalty" were substituted. Other of the language was changed where necessary, so as, it seems to me, to make it plain that it was not intended that a violation of the ordinance referred to should be punishable by a criminal proceeding, but only in a civil action. I am led to conclude that such is the fair and reasonable construction of the section as it now exists, and that under the authorities it cannot be construed that the "penalty" means "fine": that the forfeited penalty may be recovered in a criminal proceeding as for the punishment of a crime, rather than in a civil action.

It will not be contended that it is optional with the city to institute either a criminal or a civil proceeding, as may best suit its convenience, for the purpose of enforcing observance of the ordinances. The section prescribes the penalty which is forfeited by a person who violates the ordinances. By the provisions of the city's charter there is ample power to enforce it by civil process, and, there being no express authority given by the ordinance to institute criminal proceedings for that purpose, it should not be held to exist.

Section 717 of the Code of Criminal Procedure provides:

"When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon, of fine or imprisonment, or both, as the case may require; but the fine cannot exceed fifty dollars, nor the imprisonment six months."

We think that there is no provision in the charter of the city of Buffalo which can fairly be construed to mean or intend that the jurisdiction of a Court of Special Sessions was to be enlarged so as to authorize it to impose a fine for a greater amount than that specified in the section of the Code. By the terms of some of the ordinances of the city of Buffalo their violation is punishable by a maximum fine of $250. We think that, when the whole scope of the charter in that regard is considered, it should not be held that it was intended by the Legislature to confer authority upon Courts of Special Sessions in their discretion to impose a fine of such amount. People v. Henschell (Sup.) 12 N. Y. Supp. 46; People ex rel. Stokes v. Riseley, 38 Hun, 280; People v. Carter, 48 Hun, 165. The foregoing cases are also authority for the proposition that, the fine being for a larger sum than the Court of Special Sessions was authorized to impose, the sentence was absolutely void, and the judgment entered thereon did not furnish authority for the imprisonment or detention of the defendant. It follows that the order appealed from should be affirmed.

Order affirmed.

SPRING and WILLIAMS, JJ., concur.

HISCOCK, J. (dissenting). I dissent from the conclusions reached by a majority of the court. In the city of Buffalo, in May, 1904, were certain justices of the peace sitting as justices to the police, with power to try cases of alleged offenses against laws of the state or ordinances of the city of Buffalo which might be tried summarily without a jury by a justice of the peace of the Court of Special Sessions. Upon May 15, 1904, respondent, John Cronin, was tried and convicted of dis-

orderly conduct before one of said justices, and sentenced to pay a fine of $100, or in default thereof to be committed to the Erie County Penitentiary for the term of one day for each and every dollar of such fine, not exceeding six months. The fine not having been paid, imprisonment resulted. It appears from the record of the proceedings before the learned county judge and from the argument of counsel for respondent upon this appeal that the prisoner so confined was discharged for want of jurisdiction on the part of the court in which he was tried, in that the violation of the ordinance charged against said John Cronin could not be prosecuted as and for a criminal offense, but by a civil action only, and in that said court in which said Cronin was tried could not impose a fine in excess of $50, and that, therefore, the imposition of the fine of $100 was without authority, and void. This decision was reached upon the supposed authority of City of Buffalo v. Preston, 81 App. Div. 480, 80 N. Y. Supp. 851. I think that that case is not applicable; that the sentence imposed was with jurisdiction, and lawful; and that the order releasing and discharging the respondent should be reversed.

The pertinent provisions of the charter and ordinances of the city of Buffalo which lead to this conclusion, are as follows:

Chapter 105, p. 127, of the Laws of 1891, and amendments, being the charter of the city of Buffalo, provides:

Section 17: "The common council shall from time to time enact ordinances: * * * 3. To define and prevent disorderly conduct; to prevent all disorderly assemblages, all disturbing noise, all drunkenness in public places; and to punish vagrants, beggars and disorderly persons as defined by law."

Section 20: "A fine for violating any ordinance enacted under the authority conferred by this act may be prescribed in the ordinance, not exceeding two hundred and fifty dollars. The ordinance may prescribe that the fine for its violation shall not be less nor more than a certain sum; in which case, the amount of penalty shall, within said bounds, be fixed by the Court or officer before whom the matter shall be tried. * * *"

Section 21: "An ordinance, passed under subdivision 3 of section 17 of this act, may provide that any person upon conviction of a violation thereof, shall be fined or committed to the Erie County Penitentiary for such time as the court or officer before whom such person was convicted shall fix, not exceeding six months; in case the person convicted of such violation is fined and does not immediately pay such fine, he may be committed to the Erie County Penitentiary for the term of one day for each and every dollar of said fine not paid. * * *"

Section 26: "When an ordinance provides that a person convicted of breach of it may be sentenced to confinement in the penitentiary, the person charged with a violation of such ordinance shall be proceeded against in the way provided by law for proceeding against persons charged with the commission of a criminal offense."

Section 385 (as amended by chapter 189, p. 457, of the Laws of 1898): "There shall be three justices of the peace elected by the electors of the city of Buffalo, * * * and shall constitute a board of justices to the police. * * * Said board shall assign from its members a justice of police in each one of said districts, * * * whose duty it shall be to attend the police station-houses in their respective districts * * * and examine into the case of every person confined therein and make delivery. * * * Said justices shall have power to try cases of drunkenness, vagrancy and all other offenses against any of the laws of the state or the ordinances of the city of Buffalo which may be tried summarily and without a jury, by a justice of the peace of a Court of Special Sessions, committed by any person confined in the station-house, and to sentence every person found guilty of any such

offense pursuant to the statute ·or ordinance creating such offense. In all other cases such justices shall have and possess such powers and jurisdiction as are prescribed in this act."

Sections 386, 387, and 388 provide for certain details of procedure not necessary to be quoted.

Section 389: "If the justice shall sentence such a person to pay a fine, and if it is not paid immediately, he shall by warrant, commit such person to the penitentiary, there to be confined for the term of one day for each and every dollar of such fine, not exceeding six months, unless it shall be sooner paid. If the justice shall sentence such person to imprisonment, he shall by a warrant commit such person accordingly."

Ordinances:

"Chapter 9. Disorderly Conduct. Section 1. Disorderly conduct is defined to be the doing or commission of any of the acts prohibited in this chapter, and any person who shall do or commit any of said acts shall be guilty of disorderly conduct."

"Sec. 5. No person shall make, or assist in making, any riot, noise or disturbance at any house, shop, store," etc.

"Sec. 8. No person shall use any profane or obscene language in or upon any public street."

"Sec. 30. Every person who shall be convicted of the doing or commission of any of the acts prohibited in the foregoing provisions of this chapter shall forfeit a penalty of not less than two dollars nor more than one hundred dollars, unless a different penalty is specifically prescribed."

No question is made but that sufficient evidence was produced to convict the respondent of disorderly conduct within the provisions quoted, and it seems to me that by the statutes and ordinances above referred to a course of procedure was outlined leading up to the sentence which was imposed upon him. The charter conferred the power upon the common council to enact ordinances. Such ordinances were enacted defining disorderly conduct and providing a punishment for the commission of prohibited acts as severe as that imposed in this case. The statutory provisions, and especially section 389, authorized a justice sitting as did the one in question to pronounce sentence for the payment of a fine, and, in default thereof, of confinement in the penitentiary for a period not exceeded in this case.

The contention that an attempt has been made to visit an illegal punishment upon the relator is based largely upon the language of section 30 of the ordinances already quoted, and which. uses the word "penalty" instead of the word "fine." It is argued that the former word so used is indicative of an intent to provide simply for a punishment by civil suit, and that, if the other purpose had existed of laying the foundation for criminal prosecution, the latter word would have been used. It may be conceded that the ordinance has been framed in a somewhat inapt and negligent manner; that in the strict and technical meaning ordinarily attached to the two words mentioned in statutory provisions a distinction would exist somewhat as claimed; and that, construed simply by itself, the language of the ordinance would favor the idea of a civil prosecution such as is mentioned in sections 23, etc., p. 140, of the charter already quoted, and such as was under discussion in the Preston Case. We should, however, construe the language of this ordinance with reference to the provisions of the charter bearing upon this subject, and endeavor, if possible, to give such a construction

to it as will bring the ordinance into harmony with the charter. I think this may be done in such a manner as to uphold the conviction, and meet the argument made against the same.

While reference has been made to the legal and technical usage which does ordinarily make a distinction between the word "penalty" and the word "fine," still a penalty is defined by Webster as meaning, amongst other things, a fine. A careful consideration of the provisions brought to our attention indicates that the person who framed them used language in a somewhat popular way, and seemed to regard the two words as interchangeable. The idea runs through the ordinances quoted of a criminal conviction leading up to a punishment, which it is true is named as a "penalty." But the words used—that a person committing certain acts shall be "guilty" of disorderly conduct, and that every person who shall be "convicted" of doing any acts shall forfeit a penalty, etc.—do not appropriately describe a liability to be enforced by a civil action. It is not claimed that section 20 of the charter does not relate to fines as a punishment for criminal conviction, and yet that section, after providing that a "fine" may be prescribed in an ordinance, in the very same sentence, and manifestly referring to the fine, says, "The amount of the penalty shall be fixed by the court or officer before whom the matter shall be tried." The use of these two words in this connection emphasizes very clearly that it was not the intention, in adopting these provisions of the charter and the ordinances, by passing from the use of the word "fine" to the word "penalty," to abandon the character of a criminal prosecution.

The charter provides that the common council shall have the power to enact ordinances and define and prevent disorderly conduct, and section 20, just referred to, provides that a fine for violating any ordinance may be prescribed in the ordinance, not exceeding $250. Section 30 of the ordinances was adopted under the authority of this provision, which provided that such ordinance should itself prescribe the "fine" which should follow as a punishment for a violation. Unless the language used in the ordinance including the word "penalty" is a compliance with this charter provision and an execution of the power conferred by it, there has been a failure to carry out the scheme contemplated by the charter; and punishment for disorderly conduct, so far as any provisions are called to our attention, would be limited to civil suits, which, to say the least, in ordinary cases of petty disorderly conduct and offenders would not be very effective. I do not lose sight of the fact that since the decision of the Preston Case this ordinance has been modified in certain respects in an attempt to make it comply with the principles of that decision in supplying a basis for a civil action. The sharp change has not been made of merely substituting the word "penalty" for "fine," but certain language, which we held indicated a criminal prosecution and repelled the idea of a civil action, has been cut out, and the entire ordinance put in the form which prevailed some time before our decision. I do not regard that, however, as decisive of the question now presented to us. As appears, it was the intention of the charter to provide in some cases, at least, of wrongdoing, for a double course of procedure against the offender. One course was by criminal trial and conviction, and the other by civil process to enforce

the collection of any fine which might be imposed (section 23, etc.); and, just as I am reasoning here that the mere use of the word "penalty" in the ordinance is not decisive against the employment of a criminal prosecution, so the use of the word "fine" under certain sections of the charter would not have been prohibitive of a civil prosecution. I see no inconsistence in providing for this twofold form of punishment against a disorderly person. There will be nothing inconsistent between a criminal sentence, which, after imposition and nonpayment of a fine, confined the offender in the penitentiary until paid, and a civil prosecution in Municipal Court to collect the fine, and which, if successful, would operate as the payment to release the offender from confinement. It seems to me that the modification of this ordinance made since the Preston Case may be amply accounted for by a desire to so frame it that the language should not be prohibitive of a civil action when useful, and that it is not necessary or advisable to adopt a theory which will relegate the city of Buffalo to civil actions as the only means of punishing ordinary police cases of disorderly conduct.

The order should be reversed, and the writ dismissed.

STOVER, J., concurs.